The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VHT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC., a Washington corporation; and ZILLOW, INC., a Washington corporation,<br><br>Defendants. | No. 2:15-cv-1096<br><br>JOINT STATUS REPORT |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order dated July 22, 2015 (ECF No. 14), plaintiff VHT, Inc. ("Plaintiff") and defendants Zillow Group, Inc. and Zillow, Inc. ("Defendants") held a FRCP 26(f) conference on September 8, 2015, and hereby submit the following Joint Status Report:

**1.    A statement of the nature and complexity of the case.**

Statement of Plaintiff VHT:

Plaintiff VHT is the leading full-service provider of professional photographs for the real estate industry. VHT serves over 75,000 real estate professionals nationwide by commissioning high quality photographs of properties that listing agents and brokers have listed for sale, and then licensing them the right to use those photographs to market the properties. VHT owns the copyright in its photographs, and grants its clients – listing agents and brokers – a non-exclusive license specifically tailored to permit use of those photographs

JOINT STATUS REPORT (15-cv-1096)- 1
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

only for the marketing of the subject properties for sale.  The listing agents and brokers incorporate VHT's photographs into their listings and in many cases, send those listings to Multiple Listing Services, many of which bundle listings together and provide them to consumer-facing websites, including Defendants Zillow Group, Inc. and Zillow, Inc.'s (collectively, "Zillow") central listing website of properties for sale or rental (the "Listing Site"), which is said to be the world's largest online marketplace for real estate property listings.

VHT's Complaint primarily focuses not on the Listing Site, but on Zillow Digs – an independent section of Zillow's website (the "Digs Desktop") and a stand-alone mobile app (the "Digs App" and together with the Digs Desktop, the "Digs Site") – which showcases groups of photographs of particular elements of home design, such as kitchen countertops, plumbing fixtures, or art deco sofas, and pairs them with what appear to be advertisements from vendors who sell the goods depicted in the photographs or offer related services. Zillow launched the Digs Site using a large number of images it had copied from the Listing Site, has created tools on the Listing Site that allow users to copy images to the Digs Site, has employees review the images users transfer to the Digs Site to determine whether those images should appear on the main public portions of the Digs Site, tag them with category labels (*e.g.*, "living room," "lamps," "art deco") that make them more easily searchable for users, and insert promotional bubbles with links that allow users to purchase products (which it calls "product tags") directly onto the copyright-protected photographs.

Prior to filing this lawsuit, VHT identified 316 of its registered copyright-protected images that have appeared on the Digs Site without authorization, which are the subject of its Complaint.  The use of these images on the Digs Site, a home design website, does not serve to market the subject properties; that use is therefore clearly beyond the scope of the limited license VHT granted to its agent and broker clients.  In addition, many of the VHT photographs which appear on the Digs Site are pictures of properties that have already been sold, which by

JOINT STATUS REPORT (15-cv-1096)- 2
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

definition fall outside the scope of that limited license. Thus, Zillow itself is actively infringing VHT's copyrights as well as contributing to infringement by its users.

At this time, VHT does not know the full scope of Zillow's infringement of its copyrights. VHT believes that discovery will reveal a significant number of its registered images on the Digs Site, beyond those already identified. Only through discovery from Zillow will VHT be able to determine the precise number of separate infringements that Zillow has committed. VHT will then seek leave to amend to add the additional infringements.

Zillow answered the complaint asserting various affirmative defenses. Zillow's principal argument appears to be that its use of the photos on Digs is within the scope of the VHT license to brokers and listing agents because "offers to purchase properties are often even made when owners have not listed the properties for sale, and even a recent purchaser of a property is often willing to resell." (Answer, ¶ 53). That argument is wholly without merit. VHT only licenses its photographs for these purposes to particular brokers or agents who have been retained to sell a specific property for a specific homeowner, and only during the time that property is actively listed for sale.

Zillow's use on the Digs Site of a number of VHT photographs of properties that have been sold also raises questions about its continued display of such photographs on the Listing Site. Although the license that VHT grants to listing agents and brokers allows use of the photos only to market the subject properties that are actively for sale (and the brokers who are representing that property), it appears that Zillow continues to display those images on its Listing Site long after the properties are sold (and after Zillow labels those properties as "SOLD"). A year ago, VHT raised this issue with Zillow in connection with the Listing Site. There appears to be an issue as to whether Zillow is entitled to the safe harbor provided by Section 512 of the Digital Millennium Copyright Act. Through discovery, VHT will explore the availability of this potential safe harbor defense with respect to the Listing Site and may seek leave to amend its complaint appropriately, depending on the full facts that emerge.

JOINT STATUS REPORT (15-cv-1096)- 3
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Because of Zillow's apparent widespread use of VHT's images on the Digs Site, and the possibility that Zillow will assert a safe harbor defense with respect to the Listing Site, VHT will seek leave to amend its complaint (possibly more than once) to add additional acts of infringement, depending on the facts that emerge in discovery.

VHT seeks to recover maximum statutory damages for willful copyright infringement for each act of infringement for each VHT image that has appeared on the Digs Site (and alternatively for actual damages plus defendants' profits attributable to the infringement). VHT is entitled to a separate award of damages for each VHT image Defendants have infringed, since each of those images has independent economic value, including but not limited to licensing for use in home design; television and film; on news, entertainment and social media websites; and on mobile apps. In addition to expert testimony, VHT anticipates it will demonstrate its photos' independent economic value through evidence of Zillow's use of individual VHT images on the Digs Site, the payment by brokers and real estate agents for limited licenses to use VHT photographs, licenses VHT has granted for use of individual VHT images, evidence of approaches by other parties seeking to license individual VHT images, and evidence of Zillow's own approach to VHT to license VHT images for use on the Digs Site. In addition, in discovery, VHT will be seeking documents from Zillow regarding its licensing or potential licensing of images for use in Digs, including documents concerning its discussions with VHT on that topic.

Statement of Defendants Zillow and Zillow Group:

Defendants own and operate www.zillow.com, an online real property listing service (www.zillow.com) for the marketing and sale of properties that are being offered for sale, and properties whose owners may be willing to sell upon presentation of an attractive purchase offer (the "Listing Site"). The Listing Site also provides a means for brokers and agents for properties to market their services to potential buyers and sellers of properties.

JOINT STATUS REPORT (15-cv-1096)- 4
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Photographs of properties (exterior and interior) are an essential aspect of marketing and selling properties and marketing the services of brokers and agents.  Zillow obtains photographs of properties through contracts with brokers, agents, and Multiple Listing Services ("MLSs"), and contractually requires these suppliers to provide Zillow with the rights for Zillow to use such photographs.

Since 2013, www.zillow.com has featured a separate section, called Zillow "Digs" ("Digs Site"), appearing at www.zillow.com/digs/.  The Digs Site can be accessed from the www.zillow.com home page.  The Digs Site is directed at consumers who are interested in home design and renovation, and who want to see photographs of existing design and renovation projects to gain ideas, to learn about the estimated costs of such projects, and to find out where materials and services similar to those shown in the photographs can be purchased.  The information on the Digs Site is useful to users who are planning or thinking about home improvement projects as well as for potential buyers searching for a home.  The information available on the Digs Site can also be accessed by mobile device users who download a separate "app" (the "Digs App"; all references herein to "Digs" refer to both the Digs Site and the Digs App unless expressly stated otherwise).

The home page of Digs is a public board that can be viewed by all users.  The board contains photographs of various house interiors and exteriors.  Zillow has made the photographs on the public board searchable by categories such as type of room, cost, color, and styles.  In addition, Zillow has added "bubbles" to features, such as tiles, light fixtures, paint and furniture shown within certain searchable photographs.  Clicking on the photograph brings up information about a merchant that sells the same or a similar item, a price, and a link to the merchant's website.  The same information appears to the right of the photograph, under the heading "Recreate this look with similar products."  The information provided to users is not advertising: Zillow has not been solicited by the merchants to include this information, and does not receive any payment from a merchant if a Digs user clicks on a weblink to the

JOINT STATUS REPORT (15-cv-1096)- 5
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

merchant's site. Rather, the information is provided to be useful to users who are planning or thinking about home improvement projects.

In addition to the public board, Zillow users may set up personal boards through a "My Digs" option. This allows users to save photographs from other sources (including sources other than the Listing Site) to their personal boards. The photographs on a personal board are not searchable, but can be viewed by third parties that know the name of the user, unless the user or Zillow designates them as "private." In the case of a "private" board, the photographs can only be seen by the user herself or himself.

Some of the photographs on the public board of Digs were saved from property photographs on the Zillow Listing Site.   In such a case, the photograph is labeled "Home from Zillow" on the public board page. Clicking on a "Home from Zillow" photograph brings up, in addition to a larger version of the photograph that is searchable and, in certain cases, "bubbled," several other thumbnail–sized photographs under the "More from this home" heading. These photographs are in fact visual links back to the property on the Zillow Listing Site from which the photograph was saved; these photographs do not "reside" on Digs. Clicking on any of the thumbnails on "More from this home" automatically takes the user back to the page for the property on the Listing Site, from which the viewer can see details about the property, other photographs of the property in large format, past and current sales information, Zillow's proprietary price estimate for the property (called a Zestimate®) and information about the agents or brokers selling the property or which have sold the property.

Many agents and brokers maintain personal profile pages on Zillow to market their services. Clicking on the name of such a person on a specific property page on the Listing Site will take the user to the agent or broker profile page, where the user can learn information about the broker (name of agency, location of office, website link, licenses held, and language spoken), and properties the broker or agent is selling or has sold. Persons who have used the service of the agent or broker can create a review that later users can see.   This profile, which

JOINT STATUS REPORT (15-cv-1096)- 6
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

can be accessed from Digs as noted above, is an important means for agents and brokers to market their services to potential sellers and purchasers.

Only Zillow can save photographs from the Zillow Listing Site to the Digs public board. Some photographs have been saved at Zillow's own initiative. Other photographs were first saved by Digs users to their personal boards. Zillow moderators will review certain photographs saved by Digs users to their personal boards and, if the photographs meets Zillow's standards, may post the photograph to the public Digs board.

According to allegations in its complaint, Plaintiff VHT is a photography company that contracts with MLSs, brokers, and agents, to take photographs of properties. VHT claims that it then hires independent contractor photographers to take the photographs, and that these photographers assign their copyrights in the photographs to VHT. Zillow intends to test this assertion that VHT owns the copyright in all photographs in issue through discovery. According to the exhibits to its complaint, VHT has not registered copyright in the photographs individually. Rather, VHT originally filed registration for a database of photographs, and has periodically filed new registrations as updates to what it calls the "VHT Database."

According to the complaint, VHT's standard contract with MLS's, agents and brokers permits the photographs to be used for "the sales and marketing of the subject property/or the company/agent representing the property." The complaint further alleges that these licensees have supplied Zillow with the photographs that have been saved to Digs. It is Zillow's position that to the extent Zillow or users of Digs have used VHT photographs on Digs, as alleged in the complaint, these uses are authorized under Zillow's own license, of which Zillow is unquestionably a third-party beneficiary, and are therefore not infringing.

Property photographs, as displayed on both the Listing Site and on Digs, assist in selling or marketing of the property depicted and the marketing of the services of companies and agents that represent the property. First, properties remain marketed through Zillow and Digs even when the property has been sold, because it is well known in residential real estate that even recent purchasers of a property will be willing to resell when presented with an attractive

JOINT STATUS REPORT (15-cv-1096)- 7
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

offer to buy, and Zillow and Digs are means by which potential buyers locate properties on which they would be willing to make offers.  Second, these photographs on Zillow and Digs continue to market the services of brokers and agents even after a property is sold because users want to know which broker or agency represented the property in its last sale.  Users can locate that information by clicking through "Home from Zillow" photographs on the public or personal Digs boards, then clicking on the "View home" link or any of the "More from this home" links, or alternatively by clicking on the broker or agent's profile on the property page.  Thus, all uses alleged in the complaint fall within the scope of VHT's license.  Furthermore, displaying images for a particular home on Zillow and Digs increases the search engine optimization value for that home, which leads to an increase in its display in web search results.

In addition to the defense of license and a potential defense based on lack of standing, Defendants contend that the use of VHT photographs on Zillow and Digs, because they permit users to locate properties and otherwise, are fair uses under 17 U.S.C. § 107 and therefore are not infringing.  Defendants further contend that Plaintiff's claims are barred in whole or in part by the statute of limitations set forth in 17 U.S.C. § 507(b).  Defendants also contend that even were Plaintiff to establish liability for infringement, because the registered works in this case are databases, Plaintiff could not recover more than one award of statutory damages for each database so infringed, regardless of the number of photographs that may be involved in the database.  Lastly, discovery may show that Plaintiff failed to register one or more of the databases alleged in the complaint for copyright within three months from first publication of any part of that database.  In such case, Plaintiff would be barred from recovering statutory damages or attorney's fees for any alleged infringement of those databases.

VHT's statement of its claim concedes that VHT's current complaint does not currently claim that use of any VHT photographs on the Zillow Listing Site is infringing.  However, it states that VHT intends to amend its complaint (perhaps more than once) to assert claims of infringement addressed to the Listing Site.  Zillow objects to such amendment.  If the court grants leave to VHT to amend its complaint, Zillow will assert, among other defenses, that the

JOINT STATUS REPORT (15-cv-1096)- 8
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

use of VHT photographs on the Listing Site (a) is permitted under VHT's licenses to the brokers, agents, and MLSs that have supplied the Listing Site photographs to Zillow, (b) is subject to the safe harbor defense of 17 U.S.C. § 512, (c) is a fair use under 17 U.S.C. § 107, (d) is barred, in whole or in part, by the statute of limitations set forth in 17 U.S.C. § 507. Zillow reserves the right to assert other defenses if an amended complaint is served.

**2.  A proposed deadline for joining additional parties.**

The parties propose a deadline of **November 2, 2015** to join additional parties.

**3.  Whether the parties consent to assignment of this case to a U.S. Magistrate Judge.**

No.

**4.  Proposed Discovery Plan**

**A.  FRCP 26(a)(1) initial disclosures.**

The parties intend to exchange initial disclosures on September 21, 2015, pursuant to the Court's Order dated July 22, 2015. The parties do not request any changes to the timing, form, or requirement for disclosures under Federal Rule of Civil Procedure 26(a).

**B.  The subjects on which discovery may be needed, timing, and whether discovery should be conducted in phases.**

Statement of Plaintiff VHT, Inc. ("VHT")

Given Zillow's apparent extensive use of VHT's images, the limitations of the search function on the Digs Site, and the significant number of affirmative defenses Zillow raised in its Answer, VHT anticipates it will need significant and broad-ranging discovery from Zillow. Specific topics on which VHT anticipates seeking discovery include, but are not limited to:

(i)  Zillow's use of VHT's images on the Digs Site, including forensic analysis of Zillow's databases and back-end systems that sit behind the Listing Site and the Digs Site, which will include but not be limited to: (a) analysis of how many infringing images were posted to the Digs Site and by whom, when and, if applicable, when each image was taken down, (b) the number of "product tags" promoting vendors and how they were posted and by

JOINT STATUS REPORT (15-cv-1096)- 9
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

whom, and (c) the origin and functionality of the "More From This Home," "Save to Digs," "Like", "Dig It", and "Enlarge This Image" features;

  (ii) the means by which VHT's images are uploaded to the Digs Site, including the transfer of images from the Zillow Listing Site to the Digs Site and Zillow's internal procedures for reviewing images selected by users and determining which images to add to the publicly-viewable section of the Digs Site;

  (iii) the review process used by Zillow and its agents, representatives and employees for determining which photos will appear on the public Digs board;

  (iv) the process by which photos are tagged on the Digs Site, including any agreements with third-parties into which Zillow has entered relating to the tagging of photos on the Digs Site;

  (v) Zillow's actual and prospective efforts to generate revenue from the Digs Site, including related efforts to generate revenue thorough the Listing Site;

  (vi) Zillow's efforts to attract users to the Digs Site and the Listing Site and the amount of traffic actually attracted to each;

  (vii) the volume of user traffic on Zillow's sites and the number of "eyeballs" or "hits" for each VHT-owned image;

  (viii) Zillow's knowledge of infringing activity and other information relevant to whether the infringement was willful;

  (ix) Zillow's efforts, if any, to police copyright infringement on the Digs Site;

  (x) any other lawsuits, demand letters and formal or informal complaints against Zillow for violation or infringement of intellectual property rights.

  (xi) Zillow's negotiations for and internal communications about a possible license for use of VHT's image database or individual images;

  (xii) the economic value of VHT's images, both as an individual photos and as a database;

JOINT STATUS REPORT (15-cv-1096)- 10
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(xiii) Zillow's strategic plans relating to the Digs Site and/or any other uses of images from the Listing Site for any other purpose or use;

(xiv) Zillow's communications with other parties, including other photo studios, relating to the potential or actual licensing or supply of images for the Digs Site or the Listing Site;

(xv) Zillow's sourcing of images, including its agreements with agents, brokers and multiple listing services in the real estate industry;

(xvi) Zillow's prior agreement with List Hub;

(xvii) the facts underlying Zillow's claimed safe harbor defense with respect to the Listing Site; and

(xviii) Zillow's treatment of properties marked "SOLD" on both the Digs Site and the Listing Site.

Statement of Defendants Zillow:

Specific topics on which Zillow intends to seek discovery include, but are not limited to:

(i) All income and/or royalties received by Plaintiff for use of its photographs.

(ii) All documents and communications relating to the licensing of Plaintiff's photographs.

(iii) All documents and information allegedly establishing copyright ownership by Plaintiff of the photographs allegedly infringed by Defendants, including documents and communications relating to agreements between Plaintiff and photographers.

(iv) All actual and potential licensing agreements between Plaintiff and third parties, including its broker and agent customers, relating to the commercial licensing of Plaintiff's photographs, and communications concerning such agreements.

(v) Dates of first publication of the photographs at issue in this action and dates

JOINT STATUS REPORT (15-cv-1096)- 11
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

when such photographs (or databases containing the photographs) were registered for copyright.

(vi) Plaintiff's knowledge and awareness of the use by Defendants of Plaintiff's photographs.

(vii) All past communications between Plaintiff and Defendants concerning claims of infringement or licensing of Plaintiff's photographs.

(viii) The course of conduct and dealings among and between Plaintiff and Defendants relating to the marketing and licensing of Plaintiff's photos.

(ix) All other lawsuits, demand letters and formal or informal complaints asserted by Plaintiff against third parties claiming violation or infringement of Plaintiff's intellectual property rights in its photographs or demanding takedown of online material.

(x) All documents and communications concerning Plaintiff's alleged registration of copyright in the photographs at issue in this action.

(xi) All documents and communications relating to any investigation by Plaintiff into alleged unauthorized uses of its photographs or infringement of copyrights in its photographs.

(xii) All lawsuits, demand letters, and formal or informal complaints asserted against or received by Plaintiff alleging that Plaintiff has violated or infringed third-party intellectual property rights.

(xiii) Documents and information concerning the corporate ownership and affiliations of Plaintiff.

(xiv) All documents and communications concerning other parties that may have an interest in any recovery that Plaintiff seeks in this action.

(xv) All documents and information concerning alleged damages suffered by Plaintiff as a result of Defendants' alleged copyright infringement, including lost licensing revenue.

JOINT STATUS REPORT (15-cv-1096)- 12
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(xvi) All documents and information concerning the alleged independent economic value of the photographs at issue in this action.

Defendants reserve the right to seek discovery on additional subjects to the extent information produced in response to a first wave of discovery so warrants. Defendants further reserve the right to seek discovery on additional subjects if Plaintiff is permitted to amend its complaint

<u>Discovery deadlines and timing</u>

The parties propose that **April 15, 2016** be the deadline to complete fact discovery. The parties also anticipate that expert discovery will be needed. The parties, pursuant to Fed. R. Civ. P. 26(a)(2), propose the following deadlines for expert discovery:

- **May 15, 2016**: deadline to submit expert reports by the party who bears the burden of proof on the particular issue that is the subject of the report.
- **June 10, 2016**: deadline to complete depositions of opening report experts.
- **June 30, 2016**: deadline for submission of any rebuttal expert reports.
- **July 18, 2016**: deadline to complete depositions of rebuttal experts.

One or both parties may move the Court to extend the discovery deadlines in the event Plaintiff seeks and is granted to leave to amend its complaint to add claims relating to the Zillow Listing Site.

The parties do not request any formal phasing of discovery.

**C.  Electronically stored information.**

Discovery and production of electronically stored information will likely present significant issues in this case. See Section 5(I)-(J) below.

**D.  Privilege Issues.**

The parties do not expect any significant or unusual privilege issues to arise in this matter. The parties agree to work cooperatively to address these issues as they come up and will endeavor to resolve any disputes by stipulation or agreement. The parties intend to submit to the Court a proposed stipulated order pursuant to Federal Rule of Evidence 502(d) regarding

JOINT STATUS REPORT (15-cv-1096)- 13
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

the inadvertent production of material protected by the attorney-client privilege and work product doctrine.

### E. Proposed limitations on discovery.

None.

### F. The need for any discovery related orders.

The parties intend to submit to the Court a proposed Stipulated Protective Order based on the Court's model form with a redline indicating the changes made to the model.

## 5. Views, proposals, and agreements for items set forth in Local Civil Rule 26(f)(1).

### A. Prompt case resolution.

The parties have discussed the possibilities for prompt case resolution and are exploring the possibilities of early resolution.

### B. Alternative dispute resolution.

The parties are amenable to private mediation. They propose that the Court set a deadline of **September 2, 2016** to engage in mediation. One or both parties may move the Court to extend the deadline for mediation in the event Plaintiff seeks and is granted to leave to amend its complaint to add claims relating to the Zillow Listing Site.

### C. Related cases.

None.

### D. Discovery Management.

The parties agree to work cooperatively to address discovery issues as they come up. The parties will endeavor to resolve any disputes by stipulation or agreement. The parties do not believe that the discovery limits set forth in the Federal Rules of Civil Procedure and Local Civil Rules should be modified at this time. The parties intend to share discovery received from third parties. The parties do not currently request a discovery or case management conference, and will endeavor to resolve any discovery disputes without the need for Court intervention to the maximum extent possible. The parties do not request the assistance of a

JOINT STATUS REPORT (15-cv-1096)- 14
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

magistrate judge for settlement conferences and do not request the use of an abbreviated pretrial order.

### E. Anticipated discovery sought.

See response to Section 4.B, above.

### F. Phasing motions.

Given the unusual posture of the case – specifically, the requirement that VHT amend its Complaint to specifically allege each of what will likely be a large number of additional infringements uncovered during discovery on the Digs Site (and potentially the Listing Site), as well as the varying defenses that Zillow may assert – VHT anticipates it may need to file more than one summary judgment motion. Specifically, VHT anticipates making an early motion for summary judgment on the issue of liability with respect to all or part of the case. Depending on what it learns during discovery, VHT subsequently may need to seek additional rulings from the Court on other aspects of the case.

The parties propose a deadline for filing dispositive motions of **August 7, 2016**.

One or both parties may move the Court to extend the deadline for filing dispositive motions in the event Plaintiff seeks and is granted to leave to amend its complaint to add claims relating to the Zillow Listing Site.

### G. Preservation of discoverable information.

The parties agree to preserve all discoverable information and have instituted litigation holds to ensure all relevant and material information has been preserved.

### H. Privilege issues.

See response to Section 4(D), above.

### I. Model Protocol for Discovery of ESI.

The parties do not agree to use the Court's Model Protocol for Discovery of Electronically Stored Information in Civil Litigation in an attempt to facilitate the cost-effective and efficient discovery and production of that information.

JOINT STATUS REPORT (15-cv-1096)- 15
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### J. Alternatives to the Model ESI Agreement

Rather than using the WDWA's Model ESI Order, which sets limits on custodians, data and searches that are inconsistent with the broad scope of discovery both parties contemplate taking in this case, *see* Section 2, above, the parties agree to work cooperatively to set up an efficient approach to discovery, including (i) targeted collections from individuals and non-custodial sources, following a preliminary exchange of information about document custodians and non-custodial searches; (ii) searches of ESI using search terms the parties have exchanged and attempted to agree on; and (iii) discovery of each party's image databases, either through an agreed protocol, or if the parties are unable to reach agreement, through inspections by outside forensic consultants.

### 6. Date by which discovery can be completed

The parties propose to complete fact discovery by **April 15, 2016** and expert discovery by **July 18, 2016**.

One or both parties may move the Court to extend the discovery deadlines in the event Plaintiff seeks and is granted to leave to amend its complaint to add claims relating to the Zillow Listing Site.

### 7. Whether the case should be bifurcated.

The parties do not believe that this case should be bifurcated.

### 8. Whether the pretrial statements and pretrial order called for by Local Rule CR 16 and CR 16.1 should be dispensed with.

The parties do not believe that the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with.

### 9. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

The parties do not intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

JOINT STATUS REPORT (15-cv-1096)- 16
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**10.    Any other suggestions for shortening or simplifying the case.**

None.

**11.    The date the case will be ready for trial.**

The parties agree that this matter will be ready for trial by **December 5, 2016**. One or both parties may move the Court to extend the trial date in the event Plaintiff seeks and is granted to leave to amend its complaint to add claims relating to the Zillow Listing Site.

**12.    Whether the trial will be a jury or non-jury.**

Jury trial.

**13.    Total number of trial days required.**

The parties believe that ten (10) days will be necessary. One or both parties may move the Court to extend the number of trial days allocated for this case in the event Plaintiff seeks and is granted to leave to amend its complaint to add claims relating to the Zillow Listing Site.

**14.    Names, addresses, and telephone numbers of all trial counsel.**

| DAVIS WRIGHT TREMAINE LLP | DLA PIPER LLP (US) |
|---|---|
| Jonathan M. Lloyd, WSBA No. 37413<br>Max B. Hensley, WSBA No. 47030<br>1201 Third Avenue, Suite 2200<br>Seattle, Washington 98101-3045<br>Tel:  206.622.3150 | Stellman Keehnel, WSBA No. 9309<br>Andrew R. Escobar, WSBA No. 42793<br>701 Fifth Avenue, Suite 7000<br>Seattle, Washington 98104-7044<br>Tel:  206.839.4800 |
| Marcia B. Paul<br>  *admitted pro hac vice*<br>Yonatan Berkovits<br>  *admitted pro hac vice*<br>DAVIS WRIGHT TREMAINE LLP<br>1633 Broadway, Suite 2700<br>New York, New York  10019<br>Tel:  212.489.8230 | Andrew L. Deutsch<br>  *admitted pro hac vice*<br>Melissa A. Reinckens<br>  *admitted pro hac vice*<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas, 27th Floor<br>New York, New York  10020-1104<br>Tel:  212.335.4500 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**15.    Dates on which trial counsel may have complications to be considered in setting a trial date.**

No complications are presented by the proposed trial date.

JOINT STATUS REPORT (15-cv-1096)- 17
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**16. Whether all defendants/respondents have been served, and if not, a proposed schedule for the same.**

All Defendants have been served.

**17. Whether any party wishes a scheduling conference with the Court before the Court enters a scheduling order in the case.**

No.

**18. Dates on which every non-governmental corporate party filed its initial disclosure statement pursuant to FRCP 7.1.**

Plaintiff filed its initial disclosure statement on July 8, 2015.  Defendants filed their initial disclosure statement on July 23, 2015.

**19. Whether the parties consent to having hearing in this matter video recorded as part of the Judiciary's Pilot Project on Cameras in the Courtroom.**

The parties do not consent to having hearings in this matter video recorded as part of the Judiciary's Pilot Project on Cameras in the Courtroom.

DATED this 21st day of September, 2015.

| | |
|---|---|
| **DAVIS WRIGHT TREMAINE, LLP** | **DLA PIPER LLP** |
| By: */s/ Jonathan M. Lloyd*  | By: */s/ Andrew L. Deutsch*  |
| Marcia Paul (*Admitted pro hac vice*) | Andrew L. Deutsch (*Admitted pro hac vice*) |
| Jonathan M. Lloyd WSBA #37413 | Stellman Keehnel, WSBA # 9309 |
| Yonatan Berkovits (*Admitted pro hac vice*) | Andrew R. Escobar, WSBA # 42793 |
| Max Hensley, WSBA #47030 | Melissa A. Reinckens (*Admitted pro hac vice*) |
| 1201 Third Avenue, Suite 2200 | 701 Fifth Avenue, Suite 7000 |
| Seattle, WA 98101 | Seattle, WA 98104-7044 |
| Telephone:    206-622-3150 | Telephone:    206-839-4800 |
| Facsimile:    206-757-7700 | Facsimile:    206-839-4801 |
| Email:    marciapaul@dwt.com | Email:    andrew.deutsch@dlapiper.com |
|             jonathanlloyd@dwt.com |             stellman.keehnel@dlapiper.com |
|             yonatanberkovits@dwt.com |             andrew.escobar@dlapiper.com |
|             maxhensley@dwt.com |             melissa.reinckens@dlapiper.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

JOINT STATUS REPORT (15-cv-1096)- 18
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2015, I had the foregoing electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 21st day of September, 2015.

    Davis Wright Tremaine LLP
    Attorneys for Plaintiff

    By */s/ Jonathan M. Lloyd*
    Jonathan M. Lloyd, WSBA #37413
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail:  jonathanlloyd@dwt.com

JOINT STATUS REPORT (15-cv-1096)- 19
DWT 27726086v8 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax