Hon. James L. Robart

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| VHT, INC., a Delaware corporation, | Case No. 2:15-cv-01096-JLR |
| Plaintiff, | |
| v. | **ZILLOW'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| ZILLOW GROUP, INC., a Washington corporation; and ZILLOW, INC., a Washington corporation, | NOTE ON MOTION CALENDAR: May 13, 2016 |
| Defendants. | |

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

1

2

# CONTENTS

3    I.      INTRODUCTION ............................................................................................... 4

4    II.     FACTS .............................................................................................................. 5

5    III.    LEGAL STANDARDS ..................................................................................... 6

6    IV.     ARGUMENT .................................................................................................... 7

7            A.      Statutory Damages and Attorney Fees Are Not Available for
                     Infringement of Unregistered Works. ....................................................... 7
8
             B.      The Copyrights VHT Asserts Here Are Unregistered. ............................. 9
9
             C.      In Fact, the Copyright Office Has Rejected and "Closed the File" on
10                   VHT's Attempts to Register the Copyrights it Asserts Here. ................ 10

11           D.      The Court Should Rule on the Pleadings at this Time that Statutory
                     Remedies Are Unavailable. .................................................................... 11
12
     V.      CONCLUSION ............................................................................................... 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

# AUTHORITIES

## Cases

*Choyce v. SF Bay Area Indep. Media Ctr.*,
   No. 13-CV-01842, 2013 WL 6234628 (N.D. Cal. Dec. 2, 2013) ........................................ 9

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*,
   606 F.3d 612 (9th Cir. 2010).............................................................................................. 8

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
   528 F.3d 696 (9th Cir. 2008).............................................................................................. 9

*Dos Santos v. Telemundo Commc'ns Grp., LLC*,
   No. 12-1373, 2012 WL 9503003 (C.D. Cal. Dec. 19, 2012) .............................................. 9

*Dworkin v. Hustler Magazine Inc.*,
   867 F.2d 1188 (9th Cir. 1989)............................................................................................ 7

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,
   896 F.2d 1542 (9th Cir. 1990)........................................................................................ 6, 7

*Jones v. Collectal Associates*,
   No. 15-CV-02223, 2016 WL 721279 (N.D. Cal. Jan. 29, 2016) ...................................... 10

*Mason v. Montgomery Data, Inc.*,
   967 F.2d 135 (5th Cir. 1992).............................................................................................. 9

*Milo & Gabby, LLC v. Amazon.com, Inc.*,
   12 F. Supp. 3d 1341 (W.D. Wash. 2014).......................................................................... 11

*Parrino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998)............................................................................................ 11

*Ray Charles Found. v. Robinson*,
   795 F.3d 1109 (9th Cir. 2015).......................................................................................... 10

*Reed Elsevier, Inc. v. Muchnick*,
   559 U.S. 154 (2010) ............................................................................................................ 8

*Shame on You Prods., Inc. v. Elizabeth Banks*,
   120 F. Supp. 3d 1123 (C.D. Cal. 2015).............................................................................. 7

## Statutes

17 U.S.C. § 412 ....................................................................................................................... 4, 8, 9

17 U.S.C. § 504 ...................................................................................................................... passim

ii

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

17 U.S.C. § 505 ............................................................................................................... passim

17 U.S.C. § 705 ...................................................................................................................... 11

**Other Authorities**

Compendium II of Copyright Office Practices
    § 1902.03 ........................................................................................................................ 11

Fed. R. Civ. P. 26(b)(1)
    2015 Advisory Comm. Note ............................................................................................ 12

H. R. Rep. No. 94-1476 (1976),
    *reprinted in* 1976 U.S.C.C.A.N. 5659 .............................................................................. 8

**Rules**

Fed. R. Civ. P. 12(b) ................................................................................................................ 7

Fed. R. Civ. P. 12(c) ................................................................................................................ 6

Fed. R. Civ. P. 26(b)(1) ......................................................................................................... 12

iii

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

1

## I.    INTRODUCTION

2       Zillow moves for judgment on the pleadings as to VHT's requests for statutory damages

3   and attorney fees because, in light of the facts alleged in VHT's complaint, those remedies are

4   legal impossibilities in this case. 17 U.S.C. §§ 504 and 505 authorize statutory damages and

5   attorney fees in copyright cases, but with a key prerequisite: 17 U.S.C. § 412 of the same statute

6   provides that neither of these remedies "shall be made for" the infringement of unregistered

7   copyrights. VHT's copyrights are not registered.

8       Although artful pleading in VHT's complaint somewhat obfuscates the facts, they are

9   these: at the time of its initial complaint VHT had filed <u>applications</u> for copyright registration;

10  since that time, all of those applications have been rejected. In a series of letters dated three

11  months after VHT's initial complaint, the United States Copyright Office announced its

12  affirmative decision to refuse VHT's applications, because VHT's works do not meet the criteria

13  for registration. This formal notice of rejection – the fact of which is not subject to reasonable

14  dispute and which is public record – is judicially noticeable, and therefore fatal to any attempt by

15  VHT to recover remedies under §§ 504 or 505.

16      This state of affairs is a textbook case warranting a judgment on the pleadings pursuant to

17  Rule 12(c) of the Federal Rules of Civil Procedure. Without registration, VHT simply cannot

18  clear the statutory hurdle to statutory damages or attorney fees. Or, put another way, the

19  allegations in VHT's complaint cannot possibly support the award of statutory remedies, because

20  VHT will never be entitled to such remedies unless the facts about its registration status <u>change</u>.

21  A ruling on this legal issue now, before discovery begins in earnest, will narrow the parties' focus

22  to what is actually on the table at trial. In addition to clarifying the scope of discovery, a ruling

23  now will also provide guidance as to its depth; recent amendments to the Federal Rules of Civil

24  Procedure re-emphasized that a court must give the amount in controversy considerable weight

25  when it considers whether a discovery undertaking is unduly burdensome. Clarifying what

26  remedies are, and are not, available will do exactly that. For these reasons, and for the reasons

27

28

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

that follow, Zillow respectfully requests that this Motion for Partial Judgment on the Pleadings be granted.

## II.   FACTS

On July 8, 2015, Plaintiff VHT, Inc. ("VHT") filed this action alleging that Defendants Zillow Group, Inc., and Zillow, Inc. (collectively, "Zillow") have infringed VHT's copyrights in certain photographs, under 17 U.S.C. § 106. *See* ECF Nos. 1, 24 (summarizing issues in case).

The initial complaint asserted that "VHT registers its copyrights" in those photographs, and that VHT "has been filing additional registrations" on a quarterly basis. *Id*. ¶27. In fact, the "registrations" to which VHT referred were mere <u>applications</u> that it had filed; an important distinction that VHT's complaint only incidentally acknowledged when it described those registrations as "pending." *Id*. The remainder of VHT's complaint misrepresented the registration status of its photographs, however, by repeatedly referring to VHT's "registered copyrighted photographs" (*id*. ¶83), or "registered works" (*id*. ¶¶95, 106, 114). *See also* ECF No. 24 at 3 (VHT's portion of joint status report, complaining of infringement of its "registered copyright-protected images"); *id*. at 6 ("registered images").

VHT's disregard for the distinction between a registered copyright and an application for such registration may have had little legal effect had its applications ultimately been granted, but that is not what happened: on September 22, 2015, the United States Copyright Office sent VHT a series of letters providing notice that it had investigated VHT's applications and was rejecting all of them. Exs. A-C.[1] Each letter stated, after setting forth the requirements for registration, that:

> You have attempted to comply with these requirements, but there is not sufficient compilation authorship. We are refusing to register these databases and are closing the files.

*Id*. The letters thus disposed of eight of VHT's ten pending applications. Rather than pursue the approval of the other two applications, which presumably remained open, VHT filed an application for reconsideration of the rejections on December 14, 2015, acknowledging that the

---

[1] All references to "Ex." herein refer to Exhibits to the concurrently-filed Declaration of Patrick C. Bageant.

5

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

registerability of all ten applications would rise or fall together, because each presented the same issues. Ex. D at 2. Although that application for reconsideration remains pending, the Copyright Office has not yet reconsidered its rejections, and VHT's copyrights remain unregistered.

Notwithstanding the undisputable fact that none of the copyrights that VHT alleges Zillow to have infringed are registered, VHT filed its First Amended Complaint ("FAC") on January 20, 2016. ECF No. 53. The FAC echoed the assertions in VHT's initial complaint, alleging that VHT "registers its copyrights" and "has filed applications to register photographs in its database created from the beginning of 2010 through the end of the third quarter of 2015." *Id*. ¶29. Although technically accurate – VHT had, in fact, "filed applications" – the statement is incomplete: the Copyright Office had also rejected the applications four months prior. Continuing in the vein of partial disclosure, the FAC purported to include "[t]rue and correct copies of the applications for VHT's registrations" as exhibits, but made no mention of the status of those applications (rejected), or of the fact that VHT was no longer seeking simply registration, but reconsideration and reversal of the Copyright Office's determination. Like the original complaint, the FAC then proceeded to assert that Zillow had infringed VHT's "registered works." *Id*. ¶¶128, 138, 147.

Based upon its factually incorrect classification of the works at issue as "registered," VHT's FAC (like the original complaint) sought statutory damages under 17 U.S.C. § 504(c) for alleged infringement by Zillow "after the effective date of VHT's registration." ECF No. 53 ¶111; *see also id*. ¶¶124, 135, 143, 152. The FAC also sought attorney fees pursuant to 17 U.S.C. § 505. *Id*. at 42.

### III.   LEGAL STANDARDS

Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). A

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

motion for judgment on the pleadings is thus "functionally identical" to a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, the principal difference between them being "the time of filing." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Unlike a Rule 12(b) motion, so long as a Rule 12(c) motion is "early enough not to delay trial" it may be brought at any time "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). The pleadings "are closed for the purposes of Rule 12(c) once a complaint and answer have been filed." *Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1142 (C.D. Cal. 2015) (granting Rule 12(c) motion in copyright case).

## IV.   ARGUMENT

The pleadings on VHT's FAC have closed, and they show that Zillow is entitled to judgment in its favor on VHT's claim to statutory damages under 17 U.S.C. § 504(c), and to attorney fees under 17 U.S.C. § 505. Each of those remedies requires – as a statutory prerequisite – that the allegedly infringed work be registered with the United States Copyright Office, yet the face of the FAC does not contain any fact to support the essential element of registration. This is because VHT's attempt to register its copyrights have been denied. These facts (lack of registration combined with outright rejection), no matter how charitably construed in VHT's favor, simply cannot add up to a finding that VHT's copyrights have been "registered." Judgment on the pleadings as to each claim by VHT that requires registration is therefore appropriate. *Hal Roach Studios*, 896 F.2d at 1550 (judgment on the pleadings is appropriate where the moving party establishes, construing all facts in the non-moving party's favor, "that it is entitled to judgment as a matter of law.").

**A.**   **Statutory Damages and Attorney Fees Are Not Available for Infringement of Unregistered Works.**

Although a copyright holder can sue for infringement at any time within the statute of limitation, her remedies are more constrained if the copyrights at issue are not registered: she will be entitled to statutory damages and attorney fees <u>only</u> if her copyright is registered with the

7

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

Copyright Office. This carrot approach – whereby Congress has sought to incentivize copyright holders to register their works by barring the availability of statutory damages and attorney fees until they do so[2] – is codified in 17 U.S.C. § 412 ("Registration as prerequisite to certain remedies for infringement"):

> In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for[3]—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

§ 412. That is, if a work has never been published, "no award of statutory damages or of attorney's fees" is permissible before the date it is registered. *Id*. If the work has been published, "no award of statutory damages or of attorney's fees" is available before the date of publication (unless the work became registered less than three months later). *Id*. Whether the work is published or not, the rule is therefore clear: registration is an absolute "prerequisite" to statutory damages or attorney fees. *Id*.

Merely filing an application, without waiting to obtain registration, is not sufficient basis to authorize a lawsuit for statutory remedies. Although federal courts have jurisdiction over infringement claims even for unregistered copyrights (*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 169 (2010)), and plaintiffs in the Ninth Circuit may file suit based on application without waiting for the Copyright Office to grant registration (*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 618-20 (9th Cir. 2010)), that rule pertains only to the legal

---

[2] *See* H. R. Rep. No. 94-1476, at 158 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5774 ("Copyright registration . . . is useful and important to users and the public at large . . . and should therefore be induced in some practical way.").

[3] The ellipses in this quotation is § 412's language providing a narrow exception for actions under §§ 106A(a), 408(f), or 411(c). The language is omitted for clarity because those sections are not pertinent to this case. *See* ECF No. 53 ¶¶109, 122, 128, 138, 147 (each alleging infringement under §§ 1061(1), (2), (3) or (5)).

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

right to file suit, not the remedies available. The statutory framework set forth by 17 U.S.C.§ 412 speaks directly to the remedy, and controls its availability. *See Choyce v. SF Bay Area Indep. Media Ctr.*, No. 13-CV-01842, 2013 WL 6234628, at *3 (N.D. Cal. Dec. 2, 2013) (plaintiff was given leave to amend complaint that failed to allege that the plaintiff had received or even applied for registration, but the amended complaint would <u>not</u> be permitted to seek statutory damages because registration had not occurred before alleged infringement began); *Dos Santos v. Telemundo Commc'ns Grp., LLC*, No. 12-1373, 2012 WL 9503003, at *7 (C.D. Cal. Dec. 19, 2012) ("The Court STRIKES Plaintiffs' request for attorneys' fees and costs and statutory damages because the works were not registered when the infringement began.").

**B.     The Copyrights VHT Asserts Here Are Unregistered.**

    VHT's FAC (ECF No. 53) and its exhibits do not contain a single copyright registration certificate or number. Rather, they contain only VHT's <u>applications</u> for registration. *See* ECF No. 53-1. It is self-evident that an "application" for copyright registration is not an actual grant of "registration" any more than an application for a loan is a loan; in both instances, the approval of an application creates legal rights that the mere filing of such application does not. The FAC and the documents that VHT attached to it simply do not show that VHT registered the copyrights at issue, and therefore provide no indication that the remedies available to the owner of registered copyrights in the event those copyrights have been infringed are available to VHT.

    Nor does the speculative possibility that the Copyright Office might someday reverse course and register VHT's works alter the analysis: in the Ninth Circuit "<u>the first act of infringement</u> in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008) (emphasis in original). Thus, even taking all of VHT's allegations as truth, the infringement charged in VHT's FAC can <u>never</u> be the basis for an award under §§ 504 or 505. *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. 1992) (a plaintiff may not

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

recover statutory damages for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration).

### C.   In Fact, the Copyright Office Has Rejected and "Closed the File" on VHT's Attempts to Register the Copyrights it Asserts Here.

VHT's situation is worse, however, than the mere <u>absence</u> of a registration: the Copyright Office has <u>denied</u> VHT's applications, stating in multiple letters that:

> The selection and/or arrangement of entries in this work do not meet the requirements of original compilation authorship. . . . You have attempted to comply with these requirements, but there is not sufficient compilation authorship. We are refusing to register this database and are closing the file.

Exs. A-C. VHT thus has no argument that it is merely waiting for the paperwork to go through; the Copyright Office has made known its refusal to process it.

VHT will protest, no doubt, that it has filed an application for "reconsideration" of the Copyright Office's rejections of its applications. Factually, that is true. But that only underscores the fatal reality: <u>VHT does not hold copyright registrations</u>. Only by "reconsidering" the refusal to issue – that is, by changing the facts into something different than what they are – could VHT ever amend its complaint to provide a basis for to statutory remedies.

VHT may also make a formalistic argument that the Court should not consider the Copyright Office's rejections of its applications, because the rejections were not attached to or incorporated into its FAC. Setting aside the compelling equitable reasons to correct the FAC's failure to tell the whole story, that argument has no merit. This Court can consider the Copyright Office's rejection under several black-letter doctrines.

First, the Court can take judicial notice of the fact that the Copyright Office has rejected VHT's applications, because it is a matter of public record. *Ray Charles Found. v. Robinson*, 795 F.3d 1109, 1114 (9th Cir. 2015) (taking judicial notice of Copyright Office records of voluntary termination of registration because courts "may take judicial notice of undisputed matters of public record."); *see also Jones v. Collectal Associates*, No. 15-CV-02223, 2016 WL 721279, at *1 (N.D. Cal. Jan. 29, 2016), *adopted sub nom.* No. 15-CV-02223, 2016 WL 879870 (N.D. Cal.

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

Mar. 8, 2016) ("The Court takes judicial notice of public records of the United States Copyright Office [showing the content of, and facts about, a photograph]"). Like the termination notices in *Ray Charles Foundation*, and like the photograph in *Jones*, the Copyright Office's refusal to register VHT's copyrights is a matter of public record. *See* 17 U.S.C. § 705 (providing that copyright office records shall be maintained, and that such records "shall be open to public inspection."); Compendium II of Copyright Office Practices § 1902.03 ("Official correspondence, including . . . a rejected application for registration . . . is open for public inspection and copying.") (emphasis added). The fact that the rejection occurred is thus fully within the ambit of judicial notice.

Second, a separate but equally valid ground for judicial notice is that the Copyright Office's ruling is integral to VHT's claims. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (a district court may consider "documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint" when doing so will prevent "plaintiffs from surviving a [dispositive] motion by deliberately omitting references to documents upon which their claims are based."). Thus, "district courts may take judicial notice of documents that the pleadings do not mention, provided the documents are integral to the plaintiff's claims." *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1351 (W.D. Wash. 2014). Here, there can be no serious dispute that the Copyright Office's ruling on VHT's registration application is "integral" to VHT's statutory damages and attorney fee claims; VHT is barred entirely from obtaining those remedies until and unless it obtains registration. Indeed, it would be absurd to proceed as if this basic matter of public record did not exist given that it is central to – and dispositive of – VHT's statutory damages and attorney fee claim.

**D.     The Court Should Rule on the Pleadings at this Time that Statutory Remedies Are Unavailable.**

Because registration is a statutory prerequisite to statutory damages and attorney fees, and because the public record nullifies any argument that VHT has met it, Zillow respectfully submits that it is entitled to ruling in its favor on those issues.

11

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

Aside from the fact that Zillow is legally entitled to a judgment are tremendous practical reasons for the Court to enter one: the unwarranted inclusion of the issues of statutory damages and attorney fees in the FAC are impeding the orderly progression of this litigation. VHT's FAC asserts that it is entitled to statutory damages and fees amounting to tens of millions of dollars. An order confirming that this drastic windfall is not available to VHT will not only sharpen and narrow the issues for trial, it will also set boundaries on the extent of damages and liability for both parties. This will assist the parties and Court in weighing the amount in controversy, which is a significant factor in evaluating proportionality under rule 26(b)(1) (*see* Fed. R. Civ. P. 26(b)(1) & 26(b)(1) 2015 Advisory Comm. Note), and will increase the likelihood of a non-judicial resolution of this action.

## V.    CONCLUSION

For the foregoing reasons, Zillow respectfully requests a judgment that statutory remedies under 17 U.S.C. §§ 504 and 505 are not available to VHT, because its copyrights at issue are not registered.

Dated: April 20, 2016               By: */s/ Patrick C. Bageant*
                                    Brooke A. M. Taylor, WA Bar # 33190
                                    E-Mail: btaylor@susmangodfrey.com
                                    Patrick C. Bageant, WA Bar # 44268
                                    E-Mail: pbageant@susmangodfrey.com
                                    SUSMAN GODFREY L.L.P.
                                    1201 Third Avenue, Suite 3800
                                    Seattle, WA 98101
                                    Telephone:    (206) 516-3880
                                    Facsimile:     (206) 516-3883

                                    Attorneys for Zillow Group, Inc. and Zillow, Inc.

ZILLOW'S MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS
Case No. 2:15-cv-01096-JLR

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

1

2                       **<u>CERTIFICATE OF SERVICE</u>**

3          I hereby certify that on April 20, 2016, I electronically filed the foregoing with the Clerk

4   of the Court using the CM/ECF system which will send notification of such filing to all counsel

    of record:

5

6                             By: */s/ Patrick C. Bageant*_____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

ZILLOW'S MOTION FOR PARTIAL JUDGMENT                    **Susman Godfrey LLP**
ON THE PLEADINGS                                        1201 Third Avenue, Suite 3800
Case No. 2:15-cv-01096-JLR                              Seattle WA 98101-3000