The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VHT, INC., a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ZILLOW GROUP, INC., a Washington corporation; and ZILLOW, INC., a Washington corporation,<br><br>　　　　　　　Defendants. | No. 2:15-cv-1096-JLR<br><br>**PLAINTIFF'S OPPOSITION TO ZILLOW'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>**NOTED ON MOTION CALENDAR:**<br>**May 13, 2016** |

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR)
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Zillow's motion suffers from false premises and telling omissions.

*First*, Zillow claims that although VHT's photographs are indisputably protected by copyright, VHT is not entitled to core remedies for infringement provided by the Copyright Act – statutory damages and attorneys' fees – unless the Copyright Office has approved the formalities of the registration process before the infringement occurs. That is wrong on two counts. The determination of registrability can be made either by the Copyright Office or by the Court. And once registrability is established, the "effective date" of that registration (after which a plaintiff is entitled to statutory damages for later occurring infringements and attorneys' fees) is the date the application to register was filed in the Copyright Office.

The plain language of the Copyright Act is flatly inconsistent with Zillow's argument:

- Under 17 U.S.C. § 412, the availability of statutory damages and attorneys' fees depends on "***the effective date of registration,***" rather than the date the Copyright Office or a court determines registrability;

- 17 U.S.C. § 410(d) provides that "[t]he effective date of a copyright registration is the day on which an application, deposit, and fee, which are ***later determined*** by the Register of Copyrights ***or by a court of competent jurisdiction*** to be acceptable for registration, have all been received in the Copyright Office" (emphasis added); and

- 17 U.S.C. § 411 provides the statutory mechanism under which a court makes that determination in an infringement action: "In any case … where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 1
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue."

On April 18, 2016, VHT served the Copyright Office with the requisite § 411 notice so that VHT can put the issue of the registrability of its copyrights before this Court as soon as the Office decides whether to intervene. Two days later, Zillow filed this motion, ***never once so much as mentioning in its moving papers VHT's § 411 Notice, the Court's authority to decide registrability, or that the effective date is the date of filing regardless of by whom and when the registrability determination is made***.

*Second*, contrary to Zillow's implication, the Copyright Office's initial denials of some (but not all) of VHT's registrations were not based on the substance of VHT's copyright claim—neither the copyrightability of VHT's photos, nor its ownership of them, were disputed by the Copyright Office. To the contrary, the Office expressly acknowledged that VHT's photos were protected by copyright, but nonetheless refused to register them based on a narrow technical issue related to the formalities of the application forms.

*Finally*, it is disingenuous for Zillow to argue that VHT somehow "obfuscated" the denial of its applications. Dkt. No. 69, p. 4. The fact is, Zillow has known for months about the status of those applications. When the complaint was filed, the applications were pending, as the complaint (Dkt. No. 1) recites. When, thereafter, the denials were issued, VHT disclosed that fact in its reply papers on its later-withdrawn motion to compel filed January 22, 2016 (Dkt. No. 59, ¶¶ 7-8), and shortly thereafter produced the relevant documents to Zillow in discovery (Declaration of Jonathan M. Lloyd ("Lloyd Decl."), ¶ 2).

This motion is but a shallow litigation tactic employed to try to narrow Zillow's exposure and thereby avoid its discovery obligations.[1] The Court's clear statutory authority to

---

[1] Even if, contrary to law, statutory damages were not available, VHT will be entitled to millions of dollars in actual damages and infringing profits, pursuant to 17 U.S.C. § 504(b). Based on VHT's research of comparable photographic licensing offerings and the significant number of Zillow infringements now known, VHT calculates that its actual damages from lost licenses are in the tens of millions of dollars. (Dkt. No. 57, ¶5). In addition,

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 2
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

decide these issues and VHT's invocation of the statutory mechanisms for the Court to do so are more than sufficient to establish that VHT has a plausible claim to relief including statutory damages and attorneys' fees—all that is required to withstand this Rule 12(c) motion.

## II. FACTS

***Applications pending when lawsuit filed.*** When this action was commenced on July 8, 2015, VHT's applications for registration of the photographs at issue had been submitted to the Copyright Office but the Office had yet to make a determination. The Ninth Circuit has expressly approved proceeding with a lawsuit during the pendency of an application for registration. *See Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612, 621 (9th Cir. 2010).

***Nature of Copyright Office's initial rejection.*** On September 22, 2015, the Copyright Office denied a number of VHT's applications.[2] Those denials were not based on the substance of VHT's copyright claim; the copyrightability of VHT's photos and its ownership of those photos were not disputed by the Copyright Office. The Office took issue only with the particular form of registration VHT was using, namely registration of an automated database and its updates pursuant to 37 C.F.R. § 202.3(b)(5) and Compendium of U.S. Copyright Office Practices (3d ed. 2014) ("Compendium"), § 1117.

The Copyright Office refused to register VHT's photos under this particular provision, but expressly stated that "[t]he photographs can be registered" by other means. *See* Declaration of Patrick C. Bageant ("Bageant Decl."), Exs. A-C. The problem is that the alternate means of registration offered by the Copyright Office (Compendium § 1116.1) is not feasible. The sheer volume of individual works involved – VHT's copyrighted content is embodied in a voluminous database of professional real-estate photography including millions of images,

---

VHT has suffered further damages due to lost licensing opportunities for other uses in an amount that is still unknown and that will be proven at trial. (*Id.*)

[2] As of the date of the Request for Reconsideration, VHT had submitted ten applications, only eight of which had been rejected. Since all of VHT's applications concern updates to the same database of photographs and have been filed pursuant to the same method of registration, resolution of the registrability issue with respect to the eight applications previously refused would resolve any issues as to the remaining applications, as well.

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 3
DWT 29405730v2 0104728-000001

updated at the rate of over 10,000 new images each month (Dkt. No. 59, ¶ 3) - renders filing of individual applications for each photo so burdensome as to be impossible. Likewise, the alternative collective filing provision the Office cited would require VHT to file separate applications for each of the dozens of photographers VHT retains each calendar year to take photos of homes on a work-for-hire basis around the country, because although that provision allows for registrations of multiple works under one application, they must all be by the same author. That too is virtually impossible for VHT (and similarly situated photography studios, stock houses and news agencies) as a practical matter.

VHT filed its applications under §1117 of the Compendium because the Office and the courts have long recognized the propriety of that filing. The Copyright Office has granted registrations of automated databases of photographs to stock photography companies pursuant to that very section of the Compendium. Indeed, this Section was designed for this precise purpose; as it states: "The group registration option for photographic databases is only available for database owners, such as stock photography agencies or other copyright owners that wish to register the authorship involved in creating the database, as well as the photographs within the database that were authored by or transferred to the copyright claimant." Compendium Section 1117. *See also id.,* Section 1117.2 (noting that database registration method is appropriate for "text and photographs that appear in a database of real estate listings"); 77 Fed. Reg. 40269 (under 37 C.F.R. 202.3(b)(5), "stock photography agencies have registered all the photographs added to their databases within a three-month period when they have obtained copyright assignments from the photographers."). The Ninth Circuit has expressly upheld the validity of the registrations of stock photography databases using this ***exact method***, to protect both the overall database and the individual photos within it. *See Alaska Stock Photo LLC v. Houghton Mifflin Harcourt Pub. Co.*, 747 F.3d 673, 685 (9th Cir. 2014); *see also, Metro. Reg'l Info. Sys. v. Amer. Home Realty Network, Inc.*, 722 F. 3d 591 (4th Cir. 2013).

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 4
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Contrary to its own prior practice and that appellate authority, the Copyright Office denied VHT's applications claiming that a database registration requires "compilation authorship" and, in its view, VHT had not demonstrated that element (*i.e.*, that there was creative authorship in the selection and arrangement of the photos in the database, in addition to the authorship of the individual photos),[3] providing no explanation whatsoever as to why it was now mandating this additional requirement. *See* Bageant Decl., Exs. A-C.

***Continuing Copyright Office reconsideration process.*** Zillow also neglects to mention that under the Compendium, an initial Copyright Office denial is not the end of the administrative process and does not constitute a final rejection. There are two sequential levels for reconsideration within the Office and after that, review by the Courts. *See* Compendium §§ 1703-1706, *see also* 37 C.F.R. 202.5(b)(4). VHT elected to seek first level reconsideration on December 14, 2015, arguing both that the "compilation" requirement was a new rule that the Copyright Office had never before applied to bar stock photography database registrations and that, in any event, VHT's database meets this requirement. *See* Bageant Decl., Ex. D.

Section 1703.2 of the Compendium states that "[t]he Office will respond to the first request [for reconsideration] within four months after the date that the first request was received." Shortly before the April 15 deadline for that response, the Office advised VHT that no determination would be forthcoming for at least several more months. *See* Lloyd Decl., Ex. A. Given that further delay and because Section 411 gives the Copyright Office 60 days after being served with statutory notice to decide whether to intervene, VHT decided it could no longer await the outcome of the administrative process. Therefore, on April 18, 2016, it invoked 17 U.S.C. § 411 by serving a copy of the amended complaint along with a letter clearly labeled (on both the letter and the box it was sent in) "Section 411(a) Notice to the Register of Copyrights" on the Copyright Office, the U.S. Attorney General and the U.S. Attorney for the Western District of Washington. 37 C.F.R. §205.13; *see* Lloyd Decl., ¶ 3 & Exs. A-D. That

---

[3] Although other procedural issues were initially raised by the Examiner, VHT ultimately resolved those matters with the Copyright Office, and the "compilation" issue was the sole basis for the denial.

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 5
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

same day, VHT served an electronic copy of the 411 notice on Zillow, pursuant to the parties' agreement on electronic service.[4] *See id.*, ¶ 4 & Ex. E. The Copyright Office now has 60 days from April 19 to decide whether it wishes to intervene in this action. *See id.*, ¶ 3; 17 U.S.C. § 411 (2008).

### III. ARGUMENT

#### A. The Copyright Act Empowers this Court to Determine that the Photos are Registrable

The Copyright Act, 17 U.S.C. § 411, provides: "In any case … where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue."

As the Ninth Circuit has explained: "As is evident, a party may now sue for infringement notwithstanding the refusal of the Register to register the claim to copyright. The only precondition is that notice be served on the Register. Once that has occurred, the district court can determine both the validity of the copyright, which in turn determines its registrability, as well as whether an infringement has occurred." *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1181 (9th Cir. 1983).

---

[4] VHT's Section 411 Notice to the Copyright Office may be considered on this motion for the same reason that Zillow argues the Office's denials may be considered: they are public records of which the Court may take judicial notice. *See* Dkt. No. 69 at 10-11; 17 U.S.C. 705 ("records of deposits, registrations, recordations, and other actions taken under this title… shall be open to public inspection"). In addition, if the denials may be considered by the Court because they are "integral" to VHT's claims, as Zillow suggests, then there is no logical reason why VHT's notice invoking Section 411, so that the Court may make its own determination under the Copyright Act, is not equally "integral". *See* Dkt. No. 69 at 11.

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 6
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### B. VHT is Entitled to Statutory Damages and Attorneys' Fees Upon the Court's Determination that the Photos are Registrable

17 U.S.C. § 412 provides, in relevant part: "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for… any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." Contrary to Zillow's claims (e.g., Dkt. No. 69 at 4:6-7; 8:11-16), the Copyright Act does not require actual registration by the Copyright Office as an absolute prerequisite to recovery of these types of remedies. The statute provides that these remedies are unavailable if the infringement occurs more than three months before "the effective date of registration." In turn, 17 U.S.C. § 410(d) provides that: "The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." This statute is echoed by the Compendium, Section 625.5, which provides "The date on which the U.S. Copyright Office receives an application for registration will constitute the effective date of registration [] if… the Office refuses the claim and a court of competent jurisdiction later determines that the work was registrable."

The Court's power under § 411 includes the power to decide that a work is "acceptable for registration" for purposes of § 412 damages, since § 411 provides that the court has jurisdiction to determine "registrability of the copyright claim[.]" *See Nova*, 695 F.2d at 1181 ("the district court can determine both the validity of the copyright, which in turn determines its registrability, as well as whether an infringement has occurred"); *Ward v. Nat. Geographic. Soc'y*, 208 F. Supp. 2d 429, 445 (S.D.N.Y. 2002) ("The plain meaning of the words 'action for infringement' [in Section 411] indicates that all issues typically raised in an infringement suit, including ownership and validity, are open in a Section 411(a) suit."). *See also id.* at 446 ("The case law implicitly supports the conclusion that a district court resolves the full panoply of copyright infringement issues in a suit under Section 411(a), regardless of the propriety of a denial of registration[.]"); *Scentsy, Inc. v. B.R. Chase, LLC*, 942 F. Supp. 2d 1045, 1051 (D.

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 7
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Idaho 2013) (internal quote omitted), *aff'd in relevant part*, 585 Fed. Appx. 621 (9th Cir. 2014) ("[T]he registration requirement does not limit the Court's authority to protect [plaintiff's] copyrights to their full extent. … [C]ourts engage in an independent evaluation of the full panoply of copyright infringement issues in such a suit.").

Zillow's argument based on the continuing infringement doctrine (Dkt. No. 69 at 9) is simply beside the point: of course it is the time of the first act of infringement in an ongoing series of infringements that matters for purposes of determining whether that infringement occurred before or after the effective date of the registration, but that says absolutely nothing about how to determine the effective date. Under § 412, upon a determination that VHT's photos are registrable, the "effective date" of registration will be the date the application materials were originally received by the Copyright Office, ***not*** the date of the Court's determination. The same would be true if the Copyright Office were to ***grant*** VHT's pending request for reconsideration; upon that grant, the "effective date of registration" would relate back to the original date the Copyright Office received the application materials under Section 412. VHT's claims for statutory damages for each of the thousands of individual photos Zillow infringed thereafter[5] and for attorneys' fees are not premised upon Zillow's "continuing violation," but rather on Zillow's original acts of infringement ***after*** VHT filed its applications.

---

[5] Despite Zillow's prior suggestion that VHT is limited to a single award of statutory damages because VHT's copyright covers both the individual photos and the compilation of them, (Dkt. No. 50, p. 5), the Ninth Circuit has adopted the independent economic value test, which permits separate statutory awards for each work within a compilation that can "live their own copyright life." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1193 (9th Cir. 2001) (internal quotations omitted). Under this framework, in *Playboy Enterprises Inc. v. Sanfilippo*, No. 97-0670-IEG (LSP), 1998 WL 207856, at *5 (S.D. Cal. Mar. 25, 1998), plaintiff alleged that defendants had infringed thousands of copyrights by placing images from plaintiff's magazine on defendants' website; defendants argued that because each magazine issue was a compilation, "defendant should only be liable for a singular violation [per issue]…and not for separate violations of each image[.]". *Id.* But the court held that "each image represents a singular and copyrightable effort" and granted nearly 7500 statutory damage awards totaling almost $4 million. *Id. See also Arista Records LLC v. Lime Grp. LLC*, 2011 WL 1311771, *4 n.6 (S.D.N.Y. April 4, 2011) (although box set of Rolling Stones albums "is technically a compilation of all of the works contained therein," court rejected argument that plaintiff "is entitled to only one statutory damage award for all 25 songs, simply because those 25 songs have also been issued as part of one compilation").

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 8
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

The cases Zillow cites (Dkt. No. 69 at 9) are not to the contrary because in each one, plaintiff had not even ***begun*** the registration process when the infringement commenced. *See Choyce v. SF Bay Area Indep.Media Ctr.*, 2013 WL 6234628, *3 (N.D. Cal. Dec. 2, 2013) ("the Complaint fails to allege that Plaintiff has registered his alleged copyright ***or even submitted a complete application***") (emphasis added); *Dos Santos v. Telemundo Commc'ns Grp.*, LLC 2012 WL 9503003, *7 (C.D. Cal. Dec. 19, 2012) ("because Plaintiffs registered the songs in mid–2012, they cannot seek statutory damages and attorneys' fees for infringement that allegedly began in 2009").[6]

At core, Zillow's argument that VHT must have a registration certificate in hand prior to the infringement in order to be entitled to statutory damages is totally irreconcilable with Ninth Circuit's adoption of the "application approach" to registration formalities in *Cosmetic Ideas*, 606 F.3d at 620-21, and the entire rationale therefor. In that case, the Court declined to impose a strict prior-registration requirement on copyright plaintiffs, recognizing that "[o]nly the application approach fully protects litigants from any disadvantage caused by [registration] timelag" and "to ensure that an applicant did not suffer the consequences of a delay by the Register" in issuing a registration." *Id.* at 620-621. The delays VHT has experienced with its applications perfectly illustrate this point: it began filing in early January 2014, and did not receive the initial rejections in September 2015 – ***a year and nine months later***. *See* Bageant Decl., Exs. A-D. Requiring VHT to have received a registration rather than to have filed its application before the infringement in order to obtain statutory damages would bring about

---

[6] Two district courts in this Circuit have cursorily cited in *dicta* to a passage in *Nimmer* for the proposition that "issuance of a registration certificate is a condition to statutory damages." *Corbis Corp. v. Amazon.com*, 351 F. Supp. 2d 1090, 1112 (W.D. Wash. 2004), quoting 2 *Nimmer on Copyright* § 7.16[B][1][a], at 7-155; *see also Breakdown Servs., Ltd. v. My Entm't World, Inc.*, 2009 U.S. Dist. LEXIS 92054, at *7 (C.D. Cal. Sept. 18, 2009). Neither of these cases ultimately dealt with the statutory damages issue present here, and most importantly, both of those cases applied the "registration rule" that was squarely rejected by the Ninth Circuit in *Cosmetic Ideas*. Notably, the Ninth Circuit discussed copyright holders' ability to bring suit after filing an application under Section 410, and their ability to recover statutory damages and attorneys' fees under Section 412 using ***identical*** "registration" terminology (while recognizing that prima facie validity under Section 410(c) is based on whether the copyright holder "secures a registration certificate"), and specifically noted that Section 412's limitation on statutory damages and attorneys' fees applies to "infringement occurring prior to the ***effective date of registration***". *Cosmetic Ideas*, 606 F.3d at 619 & n.11 (emphasis added).

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 9
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

precisely the harm *Cosmetic Ideas* warned against – namely it would elevate "the type of needless formality" Congress declined to impose.

### C. This Motion is "Simply A Litigation 'Gotcha'"

Given that the Copyright Act gives this Court the power to decide that VHT's images are registrable and that VHT is therefore eligible for statutory damages and attorneys' fees, it is clear that the FAC states "a plausible claim for relief" with respect to these remedies – all that is required to withstand a Rule 12(c) motion. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 885 (9th Cir. 2011). While the Court need not actually decide the registrability issue on this motion (and should not do so before the Copyright Office has an opportunity to intervene), VHT's entitlement to that relief is far more than just "plausible".

There can be no doubt that VHT's individual photos are protected by copyright. *See* 17 U.S.C. §§ 102 ("Copyright protection subsists" in "pictorial, graphic, and sculptural works"); 101 (defining "pictorial, graphic and sculptural works" to include "photographs"); *see also Kisch v. Ammirati & Puris, Inc.*, 657 F. Supp. 380, 382 (S.D.N.Y. 1987). And there is also no dispute that VHT owns these images, since VHT's photographers created these images as works-for-hire for the benefit of VHT. *See* Amended Complaint (Dkt. No. 53), ¶¶ 19-20. The Copyright Office has never asserted otherwise, nor could it. See Bageant Decl., Exs. A-C ("The photographs can be registered…"). Rather, the Copyright Office's denial, and Zillow's argument on this motion, are based entirely on a technical dispute over the procedure by which VHT has sought to register these images. As the leading commentator notes, in cases where there is no reasonable argument that a work is not protected by copyright, a motion to dismiss based on "the defense of non-registration" is "simply a litigation 'gotcha!'" that should be rejected. 2 *Nimmer on Copyright* § 7.16[B][3][b][vi].

As Professor Nimmer further explains: "When the Copyright Office declines to issue a registration certificate, the *prima facie* presumption of validity is lost, but plaintiff does not thereby face dismissal. As one scholarly opinion explains, 'the plaintiff need not demonstrate that the Copyright Office's denial of registration was erroneous in order to survive the

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 10
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

defendants' motion for summary judgment on the infringement claim, as the district court makes an independent determination of copyright ownership when the plaintiff sues under Section 411(a), just as in any other infringement action.'" 3 *Nimmer on Copyright* § 12.11[B][3] (citing *Ward*, 208 F. Supp. 2d at 444-45). "The most common pattern… is for courts adjudicating infringement actions simply to reach their own determinations, without adverting either to the agency's general level of expertise or to the Copyright Office's particular determination via its issuance (or denial) of a certificate." *Id.*

The Ninth Circuit agrees. *See Cosmetic Ideas*, 606 F.3d at 621 ("the Register's decision of whether or not to grant a registration certificate is largely perfunctory, and is ultimately reviewable by the courts"); *id.* at 621 n.13 ("After the Register's determination, the courts are empowered to review any denial of a certificate, and approval by the Register gives an applicant only prima facie evidence of copyright, leaving the courts to make the ultimate determination in either instance.") (citing 17 U.S.C. §§ 411(a) and 410(c)); *Batjac Prods, Inc. v. Goodtimes Home Video Corp.*, 160 F.3d 1223 (9th Cir. 1998) (conducting independent analysis of claim denied by Copyright Office and noting that the Copyright Office's determination is entitled to deference only "if reasonable").

Finally, VHT respectfully requests leave to amend its complaint, as it intended to do once the 60-day period for the Copyright Office to intervene runs, to seek a determination of registrability by this Court. On a 12(c) motion, "[i]n the event a court finds that dismissal is warranted, it should grant the plaintiff leave to amend unless amendment would be futile." *Rain Gutter Pros, LLC v. MGP Mfg., LLC* 55 F. Supp. 3d 1330, 1336 (W.D. Wash. 2014). Given the Court's clear statutory authority under Section 411 to decide all issues related to VHT's copyrights in this infringement action, it is readily apparent that amendment to allege that VHT has invoked Section 411 by serving notice on the Copyright Office would not be futile.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## IV. CONCLUSION

For all of the reasons above, this Court should deny Zillow's motion and/or grant VHT leave to amend.

DATED this 9th day of May, 2016.

        Davis Wright Tremaine LLP
        Attorneys for Plaintiff VHT, Inc.

        By s/ *Jonathan M. Lloyd*
           Jonathan M. Lloyd, WSBA #37413
           Max B. Hensley, WSBA #47030
           1201 Third Avenue, Suite 2200
           Seattle, WA 98101-3045
           Telephone: (206) 622-3150
           Fax: (206) 757-7700
           E-mail: jonathanlloyd@dwt.com
           E-mail: maxhensley@dwt.com

        and

        Marcia B. Paul *(pro hac vice)*
        Yonatan Berkovits *(pro hac vice)*
        1251 Ave of the Americas, Suite 2100
        New York, New York 10019
        Tel: (212) 603-6427
        Fax: (212) 489-8340
        E-mail: marciapaul@dwt.com
        E-mail: yonatanberkovits@dwt.com

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 12
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 9th day of May, 2016.

>Davis Wright Tremaine LLP
>Attorneys for Plaintiff VHT, Inc.
>
>By *s/ Jonathan M. Lloyd*
>Jonathan M. Lloyd, WSBA #37413
>1201 Third Avenue, Suite 2200
>Seattle, WA 98101-3045
>Telephone: (206) 622-3150
>Fax: (206) 757-7700
>E-mail: jonathanlloyd@dwt.com

PLAINTIFF'S OPP. TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:15-cv-1096-JLR) - 13
DWT 29405730v2 0104728-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax