Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VHT, INC., a Delaware corporation,

Plaintiff,

v.

ZILLOW GROUP, INC., a Washington
corporation; and ZILLOW, INC., a Washington
corporation,

Defendants.

Case No. 2:15-cv-01096-JLR

**MOTION FOR LEAVE TO
AMEND TO ASSERT
COUNTERCLAIMS**

NOTE ON MOTION CALENDAR:
August 12, 2016

**REDACTED**

i

1

2

**TABLE OF CONTENTS**

3    A.    VHT acknowledges that leave to amend should be granted with "extreme
           liberality" to "facilitate decision on the merits."........................................................ 1

4

5    B.    VHT cannot meet its burden to show that Zillow should be denied leave to
           amend to assert its counterclaims................................................................................ 2

6          (1)    Zillow has not unduly delayed seeking leave to amend.......................................... 2

7          (2)    Zillow's proposed counterclaims are not futile....................................................... 5

8                 (a)    Washington Unfair Business Practices—Consumer Protection
                         Act............................................................................................................ 5

9

10                (b)    Computer Fraud and Abuse Act................................................................ 6

11                (c)    Trespass to Chattels.................................................................................. 8

12                (d)    Tortious Interference with Contract .......................................................... 8

           (3)    The assertion of Zillow's counterclaims will not cause prejudice to
13                VHT. ........................................................................................................................ 9

14   CONCLUSION ........................................................................................................................ 10

15

16

17

18

19

20

21

22

23

24

25

26

27

ii

28

Motion for Leave to Amend to Assert Counterclaims
Case No. 2:15-cv-01096-JLR

**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1

## TABLE OF AUTHORITIES

2

**Federal Cases**

3

*Klamath Siskiyou Wildlands Ctr. v. U.S. Forest Serv.*,
4     No. CIV. 06-1604-CL, 2007 WL 1544756 (D. Or. May 21, 2007).....................................8

5
*Bowles v. Reade*,
6    198 F.3d 752 (9th Cir.1999)................................................................................................4

7
*DCD Programs v. Leighton*,
     833 F.2d 183 ...................................................................................................................2, 9

8
*Eminence Capital, LLC v. Aspeon, Inc.*,
9     316 F.3d 1048 (9th Cir. 2003)..............................................................................................2

10
*Forman v. Davis*,
      371 U.S. 178 (1962) .............................................................................................................2

11
*Gerber Plumbing Fixtures, LLC v. Amerifreight, Inc.*,
12     No. 215CV02926ODWGJS, 2015 WL 7259717 (C.D. Cal. Nov. 16, 2015) ....................3

13
*Hangman Ridge Training Stable, Inc. v. Safeco Title Ins. Co.*,
       105 Wn.2d 778, 719 P.2d 531 (1986) .................................................................................5

14
*Himmelfarb v. JP Morgan Chase Bank Nat. Ass'n*,
15     No. CV. 10-00058 DAE-KSC, 2011 WL 4498975 (D. Haw. Sept. 26, 2011) ...................4

16
*In re iPhone Application Litig.*,
       No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011).........................7

17
*In re iPhone Application Litigation*,
18     844 F.Supp.2d 1040 (N.D. Cal. 2012) ................................................................................8

19
*Intel Corp. v. Hamidi*,
       71 P.3d 296, 1 Cal.Rptr.3d 32 (2003) .................................................................................8

20
*Lane v. Facebook, Inc.*,
21     696 F.3d 811 (9th Cir. 2012)................................................................................................6

22
*Morongo Band of Mission Indians v. Rose*,
       893 F.2d 1074 (9th Cir. 1990)..............................................................................................1

23
*Norman S. Wright Mech. Equip. Corp. v. Genesis Air, Inc., No. C*
24    13-02185 RS, 2013 WL 4047144 (N.D. Cal. July 30, 2013)...............................................3

25
*Pacific Northwest Shooting Park Ass'n v. City of Sequim*,
      158 Wn.2d 342, 144 P.3d 276 (2006) .................................................................................9

26
*Quach v. CVS Pharmacy, Inc.*,
27     No. C-13-2695 EMC, 2014 WL 524042 (N.D. Cal. Feb. 6, 2014)......................................3

28

iii

Motion for Leave to Amend to Assert Counterclaims
Case No. 2:15-cv-01096-JLR

**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

*Richardson v. United States*,
    841 F.2d 993 (9th Cir. 1988)........................................................................................... 2

*Thieme v. Cobb*,
    No. 13-CV-03827-MEJ, 2016 WL 3648531 (N.D. Cal. July 8, 2016) ........................ 3, 10

*Tyco Thermal Controls LLC v. Redwood Indus.*,
    2009 WL 4907512 (N.D. Cal. Dec. 14, 2009) .................................................................. 9

*U.S. ex rel. Knapp v. Calibre Sys., Inc.*,
    No. 2:10-CV-4466-ODW, 2012 WL 1577420 (C.D. Cal. May 4, 2012) ........................... 3

*United States v. Nosal*,
    No. 14-10037, 2016 WL 3608752 (9th Cir. July 5, 2016).................................................. 7

*United States v. Webb*,
    655 F.2d 977 (9th Cir. 1981)........................................................................................... 2

*Victor v. R.C. Bigelow, Inc.*,
    No. 13-CV-02976-WHO, 2015 WL 4104609 (N.D. Cal. July 7, 2015)............................ 4

**Federal Statutes**

18 U.S.C. § 1030............................................................................................................... 9

18 U.S.C. § 1030(g) & (c)(4)(A)(i)(I)................................................................................ 10

18 U.S.C. § 1832(a)(2).................................................................................................... 11

18 U.S.C. § 1839 (same) .................................................................................................. 11

**State Statutes**

RCW 19.86.020................................................................................................................. 9

RCW 19.86.090................................................................................................................. 9

RCW 19.86.093................................................................................................................. 9

**Federal Rules**

Rule 15, Federal Rules of Civil Procedure....................................................................... 5,6

iv

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants Zillow Group, Inc., and Zillow, Inc., (collectively "Zillow") move pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to amend their answer to Plaintiff VHT, Inc.'s, ("VHT's") First Amended Complaint ("FAC"). *See* Crosby Decl., Ex. 1. Zillow seeks to assert counterclaims based on documents that VHT produced after Zillow's answer to the FAC. These documents show that VHT knowingly induced the conduct that gave rise to its claims of copyright infringement by telling its licensees: ██████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████         Crosby Dec.., Ex. 2.

Leave to amend is warranted at this time because the key documents—documents showing that VHT systematically communicated this contradiction of its basic theory of the case to its licensees—were produced just a few months ago, just two days before Zillow's former lead counsel was severely injured in an automobile accident, and shortly after the associate assisting her on the case announced his intention to leave the firm, resulting in a complete turnover of Zillow's outside legal team. VHT will not be prejudiced by the amendment because the issues that underlie it are already the subject of discovery in connection with Zillow's affirmative defenses. And contrary to VHT's preemptive arguments in its own motion for leave to amend its complaint, Zillow's amendments to hold VHT accountable for what amounts to engineering sham litigation are anything but futile.

### A.  VHT acknowledges that leave to amend should be granted with "extreme liberality" to "facilitate decision on the merits."

VHT's own motion for leave to amend emphasizes Rule 15(a)'s statement that a "court should freely give leave [to amend] when justice so requires." *See* Dkt. No. 80, at 2. VHT has also acknowledged the Ninth Circuit's requirement that "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (cited in Dkt. No. 80, at 2). And it has embraced the Ninth Circuit's admonition that the Court's exercise of discretion to grant leave to amend "must be guided by the underlying purpose of Rule

---

1

Motion for Leave to Amend to Assert Counterclaims
Case No. 2:15-cv-01096-JLR

**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (cited in Dkt. No. 80, at 2).

The factors that the Court should consider in granting leave to amend, as VHT again notes, are (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleadings. *Forman v. Davis*, 371 U.S. 178, 182 (1962) (cited at Dkt. No. 80, at 2). VHT agrees that prejudice is the most important factor, and that "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (cited at Dkt. No. 80, at 2). Finally, there is no dispute that it is the party opposing leave to amend who bears the burden of showing why it should not be granted. See *DCD Programs v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). (cited at Dkt. No. 80, at 2); *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (same).

### B. VHT cannot meet its burden to show that Zillow should be denied leave to amend to assert its counterclaims.

VHT's preemptive arguments against granting Zillow leave to amend to assert its counterclaims do not assert that Zillow is seeking leave in bad faith, and Zillow has not sought leave to amend its pleadings before. The factors that VHT has sought to call into question are whether Zillow has unduly delayed seeking leave to amend, whether leave would result in prejudice to VHT, and whether the proposed amendment would be futile. VHT cannot carry its burden to show that any of these factors weigh against granting Zillow leave to amend.

### (1)    Zillow has not unduly delayed seeking leave to amend.

Zillow's proposed counterclaims are not based, as VHT supposes, on its reading of VHT's previously produced license agreements to permit VHT's licensees to authorize Zillow to continue to use the VHT photographs they post after the subject properties have sold. *See* Dkt. No. 80, at 11. Rather, Zillow's proposed counterclaims are based on VHT's systematic representation to its licensees that the terms of those licenses ▮▮▮▮▮▮▮▮▮▮

2

*See* Crosby Decl., Ex. 2. The referenced documents indicating that VHT had a consistent program of characterizing the effect of its licenses as the exact opposite of what it has asserted in this litigation were first produced on April 22, 2016, five months after VHT had agreed to search for and produce them. *See* Ex. 3.

Zillow notified VHT that it intended to assert counterclaims related to VHT's inducement of its licensees to post content to Zillow and its providers under designations of perpetual rights in letters delivered less than three months later, on July 14 and 22, 2016, before the Court's deadline for seeking leave to amend pleadings. Exs. 4 & 5. The courts of this circuit have repeatedly held that the passage of a few months leading up to an otherwise timely motion for leave to amend is not undue delay. *See, e.g.*, *U.S. ex rel. Knapp v. Calibre Sys., Inc.*, No. 2:10-CV-4466-ODW, 2012 WL 1577420, at *3 (C.D. Cal. May 4, 2012) (finding no undue delay in amendment sought before deadline nearly two years after case commenced based on discovery produced after initial pleadings); *Norman S. Wright Mech. Equip. Corp. v. Genesis Air, Inc.*, No. C 13-02185 RS, 2013 WL 4047144, at *3 (N.D. Cal. July 30, 2013) (two months not undue); *Thieme v. Cobb*, No. 13-CV-03827-MEJ, 2016 WL 3648531, at *5 (N.D. Cal. July 8, 2016) ("The Court does not find the two months an unreasonable delay under the circumstances, particularly as the Court gave Plaintiffs until May 2016 to file such Motions"); *Quach v. CVS Pharmacy, Inc.*, No. C-13-2695 EMC, 2014 WL 524042, at *3 (N.D. Cal. Feb. 6, 2014) ("The Court finds the four month 'delay' attributable to Mr. Quach was not undue and does not warrant denial."); *Gerber Plumbing Fixtures, LLC v. Amerifreight, Inc.*, No. 215CV02926ODWGJS, 2015 WL 7259717, at *2 (C.D. Cal. Nov. 16, 2015) ("There is also no undue delay as Gerber brought this motion approximately three months after suit was filed, and well within the deadline set by the court to amend its pleading.").

The courts of this circuit have also specifically found that there is no undue delay where a party waited a period of a few months before seeking leave to amend the pleadings where, as

3

here, there has been a substitution of counsel in the case. *Himmelfarb v. JP Morgan Chase Bank Nat. Ass'n*, No. CV. 10-00058 DAE-KSC, 2011 WL 4498975, at *3 (D. Haw. Sept. 26, 2011) ("The Court, however, finds that three months' delay under these circumstances is reasonable. Chase's new counsel was entitled to a short delay to review the case and to decide how to proceed."); *Klamath Siskiyou Wildlands Ctr. v. U.S. Forest Serv.*, No. CIV. 06-1604-CL, 2007 WL 1544756, at *5 (D. Or. May 21, 2007), report and recommendation adopted sub nom. *Klamath-Siskiyou Wildlands Ctr. v. U.S. Forest Serv.*, No. CIV 06-1604-CL, 2007 WL 2068667 (D. Or. July 16, 2007) ("[T]he passage of two months between substituting counsel and filing the motion to amend is not undue delay."). As VHT's counsel is well aware, on April 24, 2016—just two days after VHT produced the crucial documents that underlie Zillow's proposed amendment—Zillow's former lead counsel Brooke Taylor suffered a massive head injury in a collision with an emergency service vehicle on her way to her office in downtown Seattle. Crosby Dec. ¶ 7. The next day, the managing partner of the Seattle Office of Susman Godfrey disclosed to the firm's executive committee that the associate assigned to the case, Patrick Bageant, had decided to take a leave of absence for personal reasons. Crosby Dec. ¶ 8. These events necessitated a complete restaffing of the case with new lawyers who required time to make space on their already busy dockets and come up to speed on the issues in this case before they could effectively begin reviewing VHT's recent productions. Crosby Dec. ¶ 9-10.

Even if Zillow's counsel could have more quickly discovered the documents in VHT's production that demonstrate VHT's bad faith and culpability in bringing its claims, "[u]ndue delay by itself ... is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.1999). "There must be 'a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment.'" *Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2015 WL 4104609, at *4 (N.D. Cal. July 7, 2015) (quoting *Bowles* 198 F.3d at 758). As noted, VHT has not claimed that Zillow is acting in bad

4

Motion for Leave to Amend to Assert Counterclaims
Case No. 2:15-cv-01096-JLR

**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

faith in seeking leave to amend. And as shown below, it cannot show that Zillow's proposed amendment would be futile or prejudicial.

**(2)     Zillow's proposed counterclaims are not futile.**

Zillow's proposed amended answer and counterclaim asserts four causes of action that are well supported by the facts that discovery has revealed about VHT's systematic and knowing inducement of its licensees to post unrestricted content to Zillow and the listing feeds of Zillow's content providers. These causes of action are (1) violations of the Washington Unfair Business Practices—Consumer Protection Act (RCW 19.86.090); (2) breach of the Computer Fraud and Abuse Act (CFAA) (18 U.S.C. § 1030); (3) common law trespass to chattels, and (4) common law tortious interference of contract. Zillow has alleged the essential elements of each claim.

*(a) Washington Unfair Business Practices—Consumer Protection Act*

The Washington Unfair Business Practices—Consumer Protection Act provides a civil action for damages to "[a]ny person who is injured in his or her business or property by a violation of RCW 19.86.020 …." RCW 19.86.090. RCW 19.86.020 in turn states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." "[T]o prevail in a private CPA action … a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stable, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). The public interest element is satisfied, *inter alia*, where the act or practice complained of "has the capacity to injure other persons." RCW 19.86.093.

Zillow's proposed amendment alleges that VHT, in concert with an undisclosed litigation funder, has engaged in an unfair or deceptive act or practice "at least by falsely representing and/or concealing their asserted understanding of the effect of VHT's license terms to VHT's licensees, thereby knowingly inducing and/or conspiring to induce VHT's licensees to place photographs on Zillow's computers in association with sources for which Zillow has received

5

SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

warranties and/or assurances of rights that are inconsistent with said asserted understanding." Counterclaim ¶ 25. The asserted conduct on its face occurs in trade or commerce. Zillow has alleged that this conduct has proximately caused injury to its business or property "at least the form of the cost of engineering time expended to remove unauthorized content from Zillow's computers as well as the costs of defending copyright claims based on the presence of such content." *Id.* ¶ 26. The alleged conduct has the evident capacity to injure Zillow's content providers whom VHT has put in the position of representing and warranting rights to Zillow that VHT promised to them but which it now claims they do not possess. Zillow has thus alleged each element of a Washington Unfair Business Practices—Consumer Protection Act claim, which is therefore not futile.

### (b) Computer Fraud and Abuse Act

The Computer Fraud and Abuse Act creates a private right of action for compensatory damages and injunctive and equitable relief for persons damaged by reason of a violation of its provisions in an aggregate amount of at least \$5,000 in any one year period. *See* 18 U.S.C. § 1030(g) & (c)(4)(A)(i)(I). A CFAA violation is committed by one who "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer." *Id.* § 1030(a)(5)(A). Once again, Zillow has pled every element of a CFAA claim.

In particular, Zillow has alleged: "Counterclaim Defendants have knowingly caused the transmission of information at least by inducing and/or conspiring to induce VHT's licensees to submit digital representations of photographs to Zillow and/or Zillow's MLS partners." Counterclaim ¶ 28. While VHT contends that a photograph is not "information" for purposes of the CFAA, *see* Dkt. No. 80, at 8, it cites no case to that effect. In fact, federal case law and statutes refer to photographs as a kind of "information" in a variety of contexts. *See, e.g. Lane v. Facebook, Inc.*, 696 F.3d 811, 816 (9th Cir. 2012) ("Facebook is an online social network where members develop personalized web profiles to interact and share information with other

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

members. The type of *information* members share varies considerably, and it *can include* news headlines, *photographs*, videos, personal stories, and activity updates." (emphasis added)); *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *2 (N.D. Cal. Sept. 20, 2011) ("photographs" an example of "information"); 18 U.S.C. § 1832(a)(2) (identifying "photographs" as a kind of "information" for purposes of federal theft of trade secrets violation); 18 U.S.C. § 1839 (same). Zillow's counterclaim makes clear that VHT knew its licensees were transmitting its photographs to Zillow's systems under a designation of rights that is inconsistent with its assertion in this case and nevertheless knowingly encouraged them to do so. Counterclaim ¶¶ 17–19.

Zillow's counterclaim alleges that the presence of "photographs whose attribution of rights is inconsistent with the asserted rights of the claimed rights holder" constitutes a form of damage to Zillow's computer systems that VHT intended. *Id.* ¶ 29. It alleges that both the transmission under a misrepresentation of asserted rights and the resulting damage were unauthorized under Zillow's agreements with its listing providers. *Id.* ¶ 30. VHT does not dispute Zillow's allegation that its computers are "protected computers" under CFAA because they are used in interstate commerce. *See* Dkt. No. 80, at 8. And Zillow has alleged that it has expended more than the statutory amount to repair the damage caused by these unauthorized transmissions. Counterclaim ¶ 32.

VHT's claim that Zillow's authorization of access to its computers for purposes of submitting photos to which a provider *had* secured the consent of the rights holder authorized the submission of photos for which the rights holder was secretly *withholding such consent* ignores the words of a Ninth Circuit case that VHT itself has cited: "Although the term "without authorization" is unambiguous, it does not mean that the facts don't matter; the source and scope of authorization may well be at issue." *United States v. Nosal*, No. 14-10037, 2016 WL 3608752, at *10 (9th Cir. July 5, 2016). Moreover, VHT's continued inducement of its licensees to place unidentifiable photos on Zillow's system under misrepresentations of VHT's asserted rights is *per*

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*se* without authorization since Zillow demanded that VHT cease and desist from doing so this month. *See id.* at *2; Ex. 3.

Finally, and even leaving aside issues of relation back, VHT's argument that the two-year statute of limitations has passed is unavailing because Zillow's counterclaim alleges that VHT's affirmative representations to its licensees that they could make any use of VHT's photographs short of a sale, which Zillow alleges caused the unauthorized transmissions, were still being formulated in the fall of 2014, within the limitations period. Counterclaim ¶ 16. For all of these reasons, VHT cannot show that Zillow's CFAA counterclaim is futile either.

### (c) *Trespass to Chattels*

VHT acknowledges that an action for trespass to chattels may lie in the electronic context when unauthorized interference with a computer system "'actually did, or threatened to, interfere with the intended functioning of the system, as by significantly reducing its available memory and processing power.' Similarly, 'intermeddling is actionable only if 'the chattel is impaired as to its condition, quality, or value or ... the possessor is deprived of the use of the chattel for a substantial time.'" *In re iPhone Application Litigation*, 844 F.Supp.2d 1040, 1069 (N.D. Cal. 2012) (quoting *Intel Corp. v. Hamidi*, 71 P.3d 296, 303-04, 1 Cal.Rptr.3d 32, 41 (2003)); *see* Dkt. No. 80 at 10. Zillow's counterclaim *does* allege that the condition and quality of it system was impaired as a result of VHT's inducement of its licensees to submit photos to Zillow and its providers under a misattribution of asserted rights. Counterclaim ¶ 34. VHT's claim that this harm is Zillow's own fault because it chose to retain the photos after the subject properties were sold ignores the fact that according to the information that Zillow received as a result of VHT's wrongful conduct, it had every reason to believe it was entitled to do so. There is no defect in Zillow's trespass to chattels claim.

### (d) *Tortious Interference with Contract*

A party claiming tortious interference with a contractual relationship or business expectancy must prove five elements: (1) the existence of a valid contractual relationship or business

8

Motion for Leave to Amend to Assert Counterclaims
Case No. 2:15-cv-01096-JLR

**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Pacific Northwest Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 351, 144 P.3d 276 (2006). Zillow has pled each element.

VHT cannot dispute Zillow's allegation that it has valid contracts with its listing providers. Counterclaim ¶ 37. Zillow has pled with specificity that VHT became aware of those relationships at least on identifying the allegedly infringing photographs on Zillow's web sites as originating with those providers. *Id.* ¶ 38. Zillow has alleged that VHT intentionally interfered with those relationships by causing "VHT's licensees to place photographs on Zillow's computers in association with sources for which Zillow has received warranties and/or assurances of rights under those contracts that are inconsistent with VHT's asserted understanding of its licenses." *Id.* ¶ 39. Zillow has alleged "the improper purpose of subjecting Zillow to harm in the form of sham copyright claims, and at least by the improper means of falsely representing and/or concealing their asserted understanding of the effect of VHT's license terms to VHT's licensees, contrary to the established standards of the real estate trade." *Id.* ¶ 40. And it has alleged resulting harm "in at least the form of the cost of engineering time expended to remove unauthorized content from Zillow's computers as well as the costs of defending copyright claims based on the presence of such content." *Id.* ¶ 41. Zillow's tortious interference with contract counterclaim is not futile either.

**(3)      The assertion of Zillow's counterclaims will not cause prejudice to VHT.**

As "[t]he party opposing amendment[,]" VHT "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Tyco Thermal Controls LLC v. Redwood Indus.*, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009). Lack of prejudice from

Motion for Leave to Amend to Assert Counterclaims
Case No. 2:15-cv-01096-JLR

**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

amendment is especially apparent when there is "significant overlap" between the claims or defenses that have already been asserted and those that are sought to be added. *Thieme v. Cobb*, No. 13-CV-03827-MEJ, 2016 WL 3648531, at \*4 (N.D. Cal. July 8, 2016).

Zillow's counterclaims will cause no prejudice to VHT if they are allowed to be asserted in this case. The chief factual predicate for those claims—VHT's inconsistent characterizations of the terms of its licenses to its licensees on the one hand and in this case on the other—are already the subject of at least Zillow's previously asserted defenses of license and waiver. Zillow's motion for leave to assert its counterclaims is timely under the Court's schedule, and discovery remains open for two more months.

All of the relevant licenses and contracts with third-party providers have already been produced by Zillow and VHT in discovery, and VHT is in possession of and is already obligated to produce all of its communications with its licensees. This documentary record obviates any need for a massive third-party discovery campaign to determine which entities VHT has induced to provide photos to Zillow under terms that match VHT's representations while contradicting its present contentions. To the extent that such discovery is necessary at this point, it is only the result of VHT's decision to delay producing its most damning documents until nearly May—five months after it agreed to do so—combined with unfortunate events that are beyond any party's control. Zillow should not be deprived of the opportunity to assert potentially meritorious counterclaims that share a close nexus with VHT's own claims in this lawsuit simply because it may require some additional discovery.

## CONCLUSION

VHT cannot carry its burden to show that Zillow's motion for leave to amend should be denied. Zillow has not unduly delayed bringing its counterclaims, those counterclaims are not futile, and no prejudice would result to VHT from their assertion in this case. Zillow's timely motion for leave to amend its answer to assert its counterclaims should be granted.

10

1

Respectfully submitted this 27th day of July, 2016.

2

3

4                                              By: /s/ Ian B. Crosby
                                               Edgar G. Sargent, WA Bar # 28283
                                               esargent@susmangodfrey.com
5                                              Ian Bradford Crosby, WA Bar # 28461
                                               icrosby@susmangodfrey.com
6                                              Patrick C. Bageant, WA Bar # 44268
                                               E-Mail: pbageant@susmangodfrey.com
7                                              SUSMAN GODFREY L.L.P.
                                               1201 Third Avenue, Suite 3800
8                                              Seattle, WA  98101
                                               Telephone:     (206) 516-3880
9                                              Facsimile:     (206) 516-3883

10

11                                       Attorneys for Zillow Group, Inc. and Zillow, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

Motion for Leave to Amend to Assert Counterclaims          **SUSMAN GODFREY LLP**
Case No. 2:15-cv-01096-JLR                                 1201 Third Avenue, Suite 3800
                                                           Seattle WA  98101-3000

1

2

## **CERTIFICATE OF SERVICE**

3

4
I hereby certify that on July 27, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

5

6
By: */s/ Ian B. Crosby*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Motion for Leave to Amend to Assert Counterclaims
Case No. 2:15-cv-01096-JLR

**SUSMAN GODFREY LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000