UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VHT, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>ZILLOW GROUP, INC., a Washington corporation; and ZILLOW, INC., a Washington corporation,<br><br>        Defendants. | Case No. 2:15-cv-01096-JLR<br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO JOIN INDISPENSABLE PARTIES**<br><br>NOTE ON MOTION CALENDAR: September 9, 2016<br><br>ORAL ARGUMENT REQUESTED |

# FILED UNDER SEAL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

I.      INTRODUCTION ................................................................................................. 1

II.     FACTS .................................................................................................................. 2

        A.      Zillow licenses real estate data from many sources ........................... 2

        B.      VHT's licenses with its clients are at the heart of this case ............... 4

        C.      VHT's clients regularly use photos in ways VHT claims to be
                unauthorized ...................................................................................... 5

III.    LEGAL STANDARDS .......................................................................................... 8

IV.     ARGUMENT ........................................................................................................ 8

        A.      VHT's clients are "required" parties who must be joined ................... 8

                1.      The Court cannot presently grant VHT complete injunctive relief ...... 9

                2.      VHT's clients have contractual interests that this lawsuit
                        threatens to impair .................................................................. 11

        B.      It is not feasible to join VHT's clients ............................................. 15

        C.      Dismissal is required because continuing without VHT's clients is not
                equitable ........................................................................................ 16

                1.      VHT has an adequate alternative remedy ............................. 17

                2.      Zillow will be prejudiced without joinder of VHT's clients ............. 17

                3.      Proceeding would impede the interests of the required parties .......... 18

                4.      Dismissal is in the best interest of the public and the judiciary ........ 18

V.      CONCLUSION .................................................................................................... 19

Defs' Mtn for Judgment on Pleadings for Failure to Join          **Susman Godfrey LLP**
Indispensable Parties                                            1201 Third Avenue, Suite 3800
Case No. 2:15-cv-01096-JLR                                       Seattle WA  98101-3000
Page ii of 25

**TABLE OF AUTHORITIES**

**CASES**

*Am. Greyhound Racing, Inc. v. Hull*,
   305 F.3d 1015 (9th Cir. 2002)............................................................. 11, 13, 17

*Blumberg v. Gates*,
   204 F.R.D. 453 (C.D. Cal. 2001) ................................................................ 8

*Brown v. United States*,
   42 Fed. Cl. 538 (1998), aff'd, 195 F.3d 1334 (Fed. Cir. 1999) ....................... 14

*City of Littleton, Colo. v. Com. Union Assur. Companies*,
   133 F.R.D. 159 (D. Colo. 1990)................................................................. 18

*Cognigen Networks, Inc. v. Cognigen Corp.*,
   174 F. Supp. 2d 1134 (W.D. Wash. 2001).................................................. 16

*Costello Publishing Co v. Rotelle*,
   670 F.2d 1035 (D.C. Cir. 1981) ................................................................ 14

*Dawavendewa v. Salt River Project*,
   276 F.3d 1150 (9th Cir. 2002).................................................................. 11

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
   375 F.3d 861 (9th Cir. 2004)...................................................................... 9

*EEOC v. Peabody Western Coal Co.*,
   400 F.3d (9th Cir. 2005)............................................................................. 9

*EEOC. v. Peabody W. Coal Co.*,
   610 F.3d 1070 (9th Cir. 2010)............................................................... 8, 11

*First Am. Commercial Bancorp, Inc. v. Interior Architects, Inc.*,
   No. 03 CV 00638, 2004 WL 2011398 (N.D.Ill.2004) ................................. 13

*Gen Ads, LLC v. Breitbart*,
   435 F. Supp. 2d 1116 (W.D. Wash. 2006).................................................. 16

*Gilliam v. American Broadcasting Corp.*,
   538 F.2d 14 (2nd Cir. 1976)..................................................................... 14

*Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*,
   11 F.3d 399 (3d Cir. 1993)......................................................................... 8

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page iii of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

*Kennedy v. AJVS, Inc.*,
    No. C11-1231 MJP, 2012 WL 1748013 (W.D. Wash. May 15, 2012) .................... passim

*KnowledgePlex, Inc. v. Placebase, Inc.*,
    No. C 08-4267 JF(RS), 2008 WL 5245484 (N.D. Cal. Dec. 17, 2008) ........................... 11

*Lomayaktewa v. Hathaway*,
    520 F.2d 1342 (9th Cir. 1975) ......................................................................................... 11

*Makah Indian Tribe v. Verity*,
    910 F.2d 555 (9th Cir. 1990) ............................................................................................. 8

*McShan v. Sherrill*,
    283 F.2d 462 (9th Cir. 1960) ............................................................................................. 8

*Music Dealers, LLC v. Sierra Bravo Corp.*,
    No. 1:12–cv–00712, 2012 WL 4017950 (N.D.Ill. Sept. 10, 2012).................................. 13

*Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Cal. v. City of Los Angeles*,
    637 F.3d 993 (9th Cir. 2011) ........................................................................................... 16

*Provident Tradesmens Bank & Trust Co. v. Patterson*,
    390 U.S. 102 (1968) ......................................................................................................... 16

*Shell W. E & P Inc. v. Dupont*,
    152 F.R.D. 82 (M.D. La. 1993) ....................................................................................... 18

*Wright v. Incline Village Gen. Imp. Dist.*,
    597 F. Supp. 2d 1191 (D. Nev. 2009) .................................................................. 9, 15, 16

*Young v. Regence Blueshield*,
    No. C07-2008RSL, 2009 WL 1604524 (W.D. Wash. June 4, 2009), aff'd, 389
    F. App'x 692 (9th Cir. 2010) ..................................................................................... passim

## STATUTES

17 U.S.C. § 412 ............................................................................................................................ 7

17 U.S.C. § 505 ............................................................................................................................ 7

## RULES

Federal Rule of Civil Procedure 12(c) ......................................................................................... 8

Federal Rule of Civil Procedure 12(h)(2)(B) ............................................................................... 8

Federal Rule of Civil Procedure 19.................................................................................... 9, 11, 12

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page iv of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

Federal Rule of Civil Procedure 19(a) ........................................................................... 7

Federal Rule of Civil Procedure 19(a)(1)(A) ........................................................... 8, 10

Federal Rule of Civil Procedure 19(a)(1)(B) ...................................................... 8, 10, 11

Federal Rule of Civil Procedure 19(b) ......................................................................... 8

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page v of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA   98101-3000

## I.    INTRODUCTION

Real estate photography company VHT filed this five-count copyright infringement action against Zillow that—at its core—turns on the interpretation of licenses that VHT issued to its own clients.[1] Those clients—primarily real estate brokers and agents scattered throughout the country—are not parties to this suit. Because this case will both adjudicate the rights of these parties who cannot feasibly be joined, as well as require their participation to provide the complete relief that VHT seeks, it cannot proceed.

According to the Complaint, Zillow infringes VHT's copyrights by displaying VHT photographs of houses and other properties that are not currently listed for sale. Zillow, however, is merely a downstream recipient of the VHT photographs, acting pursuant to secondary contracts that purport to give Zillow the necessary rights to use the photos on any Zillow website with no time restriction.  Regardless of the language in Zillow's contracts, VHT contends that Zillow is liable for copyright infringement because VHT never authorized agents or brokers to grant Zillow those rights—any such grant by VHT's clients, it claims, would violate the terms of VHT's license agreements. Although VHT's claim is based on allegations that its clients breached their licenses, VHT has chosen to sue only Zillow for this alleged infringement.

This is not an isolated example of inadvertent confusion concerning the scope of a license, but an ongoing campaign by VHT to exploit conflicting interpretations of its contracts.  In this litigation, VHT insists that its licenses are limited to use of photos while a property is actively listed for sale.  Outside the courtroom, VHT actively encourages its clients to use its photos with no such restrictions. VHT markets its services to brokers and agents by telling them that they will have the "full rights" to use VHT's photographs "wherever you want, any way you want, and for as long as you want." VHT uses that language when it is trying to solicit clients because it knows that those clients want the right to use VHT's photographs to market themselves without

---

[1] Throughout this brief, plaintiff VHT, Inc. is referred to as "VHT" and defendants Zillow, Inc. and Zillow Group, Inc. are identified collectively as "Zillow".

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

restriction in a wide variety of media. It can come as no surprise to VHT, then, when those clients use the photos in contexts other than the active listing of the property, including uses on Zillow, on other third-party sites like Facebook, and on the agents and brokers' own webpages. Despite many examples of such allegedly infringing uses (which have continued long after this suit was filed), VHT has avoided naming any of these clients in this case. VHT wants to both have the cake of luring clients with promises of broad usage rights, and eat it too by suing Zillow based on a much narrower interpretation of those same rights.

These circumstances provide a textbook case warranting judgment on the pleadings for failure to join an indispensable party. Not only do VHT's claims turn on the scope of rights held by non-parties, those non-parties are *currently exercising* those rights in ways inconsistent with the premise of VHT's claims. VHT's attempt to litigate the scope of its licenses without involving its licensees implicates the rights of these absent parties and also renders the Court unable to provide the injunctive relief requested in the Complaint. Joining these VHT clients before this Court is almost certainly infeasible due to practical constraints and jurisdictional issues. Instead, this case should be dismissed, and to the extent VHT truly believes its client brokerages and agents have violated its licenses, it should be required to litigate the scope of those licenses with its clients as provided in the venue provisions contained in those agreements.

## II.   FACTS

### A.   Zillow licenses real estate data from many sources.

Zillow is the leading provider of real estate information on the Internet. Acker Decl., August 17, 2016, at ¶ 2.  Consumers can use Zillow to obtain current listings of properties for sale, data on their own houses or other properties (whether or not they are for sale), and information about real estate agents and brokers. *Id.* Zillow generates revenue by selling advertising on its website, primarily to real estate professionals. *Id.* at ¶ 3. In addition to buying paid advertisements on Zillow, many real estate agents market themselves by maintaining dedicated profile pages providing contact information, customer testimonials, the agent's current listings, and properties

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 2 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

that the agent has recently sold. *See, e.g. id.,* Exhibit 1 (examples of two agents' profile pages). Zillow does not charge real estate agents who maintain these individual profile pages. *Id.* at ¶ 3.

In early 2013, Zillow launched a new section of its website called "Digs," which is dedicated to home improvement. *Id.* ¶ 4. On Digs, consumers planning a remodel can search for and view photographs of rooms in a wide variety of styles from houses across the United States. *Id.* Both individual users and Zillow itself have the ability to save photographs appearing in Zillow's real estate listings area to Digs. *Id.* Real estate agents and brokers also use Digs as a marketing tool, creating their own public "boards" in the hope of attracting potential clients. *See, e.g., id.*, Exhibit 2 (examples of Digs "boards" maintained by real estate agents).

Zillow obtains photographs of real estate along with other data about houses being listed for sale through electronic data "feeds" obtained primarily from two types of sources. *Id.* ¶ 5. First, Zillow obtains feeds directly from many real estate brokers, some of which cover only a small local area and some of which are nationwide. *Id.* Second, Zillow has contracts to obtain feeds from over 400 different "multiple listing services" (MLSs), which collect listings provided by a group of brokers operating in the same geographic region. *Id.* Zillow enters an individual contract governing the rights for each of the feeds it uses, whether from a broker or from an MLS. *Id.* Some of these contracts require Zillow to remove photographs of property when the active listing is removed from the feed, while others permit Zillow to use the photographs (and other data obtained in the feed) on Zillow's websites without restriction. *Id.*

Zillow follows the requirements of these agreements by coding the data received in each feed so that the photos will either be maintained or removed from public access, depending on the terms. *Id.* ¶ 5. With respect to the vast majority (and perhaps all) of the images at issue, brokers or MLSs have granted Zillow "perpetual," unrestricted permission to display the VHT photographs under representations and warranties that they have the right to do so. *See, e.g.*, Sargent Decl., August 18, 2016, Exhibit 1. Specifically, these agreements attest that the brokers and MLSs have "all necessary rights and authority" to grant Zillow an unrestricted license and warrant that

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 3 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

Zillow's use of the photographs under the terms of the agreement will not "violate the intellectual property rights … of any third party, including the owner." *Id.* The providers also agree to indemnify Zillow for breach of these warranties. *Id.*

**B.    VHT's licenses with its clients are at the heart of this case .**

VHT is a photography company that provides commissioned property photographs to real estate professionals with the understanding that those professionals will widely distribute the photographs in order to market the properties and the agents themselves. *See* Amended Complaint, Dkt. 53, ¶ 16. Although VHT claims it retains a copyright interest in the photographs it takes, it admits that its business model requires it to license the photographs to the requesting agents and brokerages. *See id.* ¶¶ 17, 23. VHT does not object to the appearance of VHT photographs on Zillow in conjunction with properties actively listed for sale.

VHT claims that its copyrights are infringed when its photographs appear on Zillow in contexts other than an active listing of a property for sale. According to VHT, it has not licensed the use of its photographs in any context other than active listings. Specifically, VHT contends that the availability of any of its photographs on Zillow for a house that has already been sold (or otherwise removed from the market) or on any of Zillow's Digs pages constitutes copyright infringement. *See, generally,* Amended Complaint, Dkt. 53. What the Complaint obscures, however, is that the essence of VHT's grievance is not with Zillow but with VHT's own clients.

Whether the actions of VHT's clients are consistent with their license agreements is a potentially determinative issue in this case. If those license agreements authorize the brokers and agents to make photographs available on Zillow after properties have sold or to make them available on Digs, then VHT's copyright infringement claim must fail.

Zillow is not a party to the license agreements between VHT and its clients or to any other agreement with VHT. At the time Zillow agreed to accept photographs in feeds originating with VHT's clients, Zillow had no way to know how VHT's license agreements defined the scope of the agents and brokers' rights in VHT photographs. Zillow knew only that many agents and

brokers apparently believed that they had the authority to grant Zillow essentially unrestricted rights in the photos. Indeed, as noted above, brokers and MLSs who entered agreements with Zillow for feed data expressly represented that they had the necessary rights and agreed to indemnify Zillow.

## C. VHT's clients regularly use photos in ways VHT claims to be unauthorized.

VHT's license agreements with its clients are, at the very least, ambiguous about the permitted scope of use. As a result, this Court will need to construe disputed provisions in those licenses in order to resolve this case.

VHT contends that the licenses it grants only permit its clients to use the photographs for the "limited purpose of marketing the specific properties they depict and the listing broker, and then only while those properties are on the market." Amended Complaint, Dkt. 53, at ¶ 23. The actual language in VHT's standard form license agreement, however, does not clearly restrict use of the photos to an active listing, but instead grants a "perpetual" right to use the photos "in the sales *or marketing* of the subject property, *the Client* or *the agent representing the subject property*. Sargent Decl., Exhibit 2 at VHT038651 (emphasis added).[2] On its face, this language permits

_____

[2] An earlier form of VHT's license similarly provides "a license to use the Visual Content produced by VHT in the sales or marketing of the subject property or the company/agent representing the property." Sargent Decl., Exhibit 3 at VHT004071. Although the use of this form appears to have been discontinued around 2010, VHT has chosen to quote this superseded language as representative in its Complaint, *see* Dkt. 53 ¶ 32, apparently in order to make the argument that the modifier "representing the property" implicitly limits the right to market both VHT's client ("the company") as well as the "agent" to the time period when the property is actively listed for sale. To the extent any of the photographs at issue may be subject to the old form of license, however, the course of conduct of VHT's licensees in granting unrestricted rights to Zillow shows that they do not understand this limitation to be implicit in VHT's license. *See Young v. Regence Blueshield,* No. C07-2008RSL, 2009 WL 1604524, at *2 (W.D. Wash. June 4, 2009), aff'd, 389 F. App'x 692 (9th Cir. 2010) ("However, plaintiffs have not shown that their interpretation of the contract is undisputed. At least the providers who treated plaintiffs and their dependents seem to believe that their contracts entitle them to charge their regular rates once benefits have been exhausted.").

"marketing" of the subject property *or* the agent representing the subject property *as distinguished and apart from* "sales," as well as "marketing" of the "Client" (the brokerage that is VHT's licensee) *without qualification and apart from* "representing the subject property."

VHT's narrow "active listing only" interpretation is flatly contradicted by marketing emails it sends to prospective broker and agent clients. These emails, which attach a copy of the VHT license agreement, describe the "full licensing rights" granted in terms that could not possibly be more broad: "We provide you a license to use the photographs wherever you want, any way you want, and for as long as you want. This includes promotion of your brokerage, your agents, and your listings. You just can't sell them." *See* Sargent Decl., Exhibit 4. Given this interpretation by VHT of its own contract, agents and brokers would certainly be justified in assuming that they could market themselves by authorizing a well-known real estate website such as Zillow to display those photographs, including displaying them for past sales and displaying them on Digs.

Consistent with this reading, and contrary to VHT's litigation position, brokers and agents do manifestly understand their licenses to permit them to use VHT photographs to market themselves apart from the active listing of the property. Even apart from placing the photos on Zillow, many of VHT's clients *own* webpages include information about properties those agents have sold in the past, and that information includes VHT photographs. For example:

- Agent Jennifer Reid Marcus from upstate New York lists "recent sales" on her website at broker Houlihan Lawrence. Sargent Decl., Exhibit 5. One of these "recent sales" is 26 Laurelton Road in Mount Kisco, and her webpage both shows the photo of the front of the house and allows the user to click through to a number of interior photos. *Id.* Zillow's home details page for this property includes the same photos. *Id.*, Exhibit 6. VHT has accused Zillow of infringing VHT's copyright in at least one of these photos. *See id* Exhibit 7 (excerpt from Exhibit 11 to VHT's Amended Complaint, and photo from Zillow's website identified in the indicated line of that excerpt). The image cited by VHT as an infringement is identical to the first image appearing on Ms. Marcus' own webpage. *Compare* Sargent Decl., Exhibit 7 *with id.* Exhibit 5. The same image appears on Zillow's Digs page. *Id.*, Exhibit 9.

- Agent Kevin F. Williams also maintains a personal webpage showing "recent sales." Sargent Decl., Exhibit 8. These include 2111 W. Sunnyside Avenue in Chicago. *Id.* VHT has recently identified this property as among those for which

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 6 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

it owns the photographs. The sale of this house closed June 28, 2016, long after this litigation was filed. *Id.* Although VHT claims that its license in these photos is limited to use while the property is on sale, Mr. Williams website continues to display all of the interior photos of this "recent sale" almost two months after the transaction has closed. *Id.*

Just as these agents' web pages on their brokers' sites feature photos of past sales, their agent profile webpages on Zillow also feature their previous sales, including photographs (if Zillow's license permits continued display of those photos after the listing has been removed from the feed.) *See* Acker Decl., Exhibit 1 (Zillow profile pages for Ms. Marcus and Mr. Williams).

Although Zillow is acting pursuant to unrestricted authorization from VHT clients, and therefore is at most an innocent infringer, VHT chose to sue Zillow and no one else for copyright infringement. VHT seeks injunctive relief, actual damages and profits, maximum statutory damages, and attorneys' fees under 17 U.S.C. § 505.[3] *See* Dkt. 53. Zillow has repeatedly raised VHT's failure to join indispensable parties in all of its responsive pleadings. Dkts. 22 at 19 & Dkt. 60 at 24. VHT has amended its complaint once and has been granted leave to amend a second time but ***still*** asserts claims against only Zillow. *See* Dkts. 80 & 81 at 13. This is unsurprising both because the missing parties can't be joined and because VHT has assured its clients that it will not bring them into this dispute. *See* Sargent Decl., Exhibit 10 (email chain to a VHT client assuring the client that they are "no way part of [this] lawsuit"). For the reasons explained below, the Court should dismiss all counts of this lawsuit for failure to join VHT's clients as indispensable parties.

---

[3] Currently, VHT's claims for maximum statutory damages and attorneys' fees are legally deficient because both forms of relief have a statutory prerequisite that requires the allegedly infringed work to be registered with the United States Copyright Office. 17 U.S.C. § 412. VHT still only has applications pending with the Copyright Office and has not been granted registration. Zillow previously filed a motion for judgment on the pleadings due to this lack of registration and intends to file a similar motion if the copyrights are not registered by the close of discovery.

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 7 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

## III.  LEGAL STANDARDS

Federal Rule of Civil Procedure 19(a) mandates that parties deemed "required" under the rule must be joined. If joinder is not feasible—which is the case here—the Court must dismiss the action unless it determines that, "in equity and good conscience," the case should proceed among the existing parties. Fed. R. Civ. P. 19(b); *see also Kennedy v. AJVS, Inc*., No. C11-1231 MJP, 2012 WL 1748013, at \*2 (W.D. Wash. May 15, 2012). This examination is a "practical one and fact specific," *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990), in that it turns on the "particular circumstances of each case, *Blumberg v. Gates*, 204 F.R.D. 453, 454 (C.D. Cal. 2001).

"The absence of indispensable parties can be raised at any time" and is never waived. *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960). And Federal Rule of Civil Procedure 12(h)(2)(B) explicitly permits a party to raise this issue in a motion for judgment on the pleadings under Rule 12(c). *See, e.g.*, *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 401 (3d Cir. 1993) (reviewing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) for failure to join an indispensable party).

## IV.  ARGUMENT

**A.    VHT's clients are "required" parties who must be joined.**

VHT has failed to join its clients who are required parties in this litigation. There are two ways in which a party can be "required" under Rule 19—which either alone is sufficient to force joinder. *Blumberg*, 204 F.R.D. at 454 ("Rule 19's conditions for joinder are phrased in the disjunctive; thus, joinder is appropriate if any condition is met."). First, a party is "required" under Federal Rule of Civil Procedure 19(a)(1)(A) if, in its absence, "the court cannot afford complete relief among the existing parties." *EE.C. v. Peabody W. Coal Co*., 610 F.3d 1070, 1076 (9th Cir. 2010). Second, a party is "required" under Federal Rule of Civil Procedure 19(a)(1)(B) if it "claims an interest relating to the subject of the action and is so situated that disposing of the action in [its] absence may: (i) as a practical matter impair or impede [its] ability to protect the

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 8 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

interest; or (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.* Here, VHT's clients are necessary parties under *both* Rule 19(a)(1)(A) and 19(a)(1)(B).

## 1. The Court cannot presently grant VHT complete injunctive relief.

As a practical matter, without joining VHT's clients, this Court cannot grant VHT the complete injunctive relief it seeks. Complete relief cannot be granted as a matter of law "where a plaintiff seeks injunctive or declaratory relief and a third-party has an enforceable interest in the subject matter of the dispute." *Wright v. Incline Village Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1205 (D. Nev. 2009). The rationale behind this rule is that, in such circumstances, the district court can only provide partial or hollow relief because the absent parties would not be bound by any court order and could still seek to enforce their rights in subsequent lawsuits. *Id.* at 1206; *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). The court also considers the desire to "preclude multiple lawsuits on the same cause of action." *Disabled Rights Action Comm.*, 375 F.3d at 879.

Here VHT seeks an injunction preventing Zillow and its licensees and affiliates (including, presumably, VHT's licensees who provide photographs to Zillow) from making VHT photographs available when a property is not actively listed and making VHT photographs available on Digs, both of which VHT contends to be copyright infringements. Such an injunction would not provide the complete relief sought by VHT, because it would not bind VHT's licensees, whose actions indicate a desire to pursue those uses. Nor would *res judicata* prevent them from relitigating the scope of their licenses with VHT in order to establish their right to use the photos in precisely the manner that this Court has enjoined. The possibility of such duplicative litigation is alone sufficient to establish that complete relief is not available without joining VHT's clients. *See, e.g., EEOC v. Peabody Western Coal Co.*, 400 F.3d at 780 (9th Cir. 2005) (holding under Rule 19 that complete injunctive relief was not available because the non-party "could possibly

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 9 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

initiate further action to enforce [its contract]", and specifically noting that "declaratory and injunctive relief could be incomplete unless the [non party] is bound by res judicata.")

An injunction that did not bind VHT's clients would also present practical problems rendering the relief illusory and therefore incomplete under Rule 19. *Disabled Rights Action Comm.*, 375 F.3d at 879 ("This factor is concerned with consummate rather than partial or hollow relief as to those already parties . . .") VHT's photographs, even when they bear a visual watermark, cannot be distinguished by Zillow's automated systems from the thousands of other photographs posted to Zillow's website every week because they lack any identifying electronic metadata. *See* Sargent Decl., Exhibit 11. Only VHT's clients—the brokers and agents—know the source of the photographs they have used. Without a means to identify VHT's photos, Zillow could only comply with the injunction by removing *all* photos of properties not being actively listed, and *all* photos on Digs, a remedy that is grossly overbroad and would injure not only Zillow, but countless real estate professionals who rely on Zillow's website to market themselves using photographs which have nothing to do with VHT.

Moreover, VHT's clients have the ability to directly post images to Zillow's Digs site, as VHT is well-aware. Indeed, VHT's documents establish that it already knew its clients were doing this when it decided to sue Zillow. Sargent Decl., Exhibit 12 (VHT emails acknowledging that employees of brokerages have "post[ed] [VHT] images from their listings to Digs" and that agents "post [such photos] themselves" as "part of their social media strategy" to "get the [photos] on the web in as many places as possible"). Zillow has no technical means at its disposal to prevent VHT's clients from making these postings to Digs that VHT claims are prohibited by its license. An injunction against Zillow rather than the VHT clients who make these postings would not only be inefficient and impractical, but also limit those clients' rights without affording them an opportunity to be heard.

Whether the images originate with a listings feed or with agents posting them individually, Zillow has no means to identify VHT's photographs and therefore no practical means to comply

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 10 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

with the requested injunction. As a result, the injunction sought by VHT would *not* eliminate allegedly infringing VHT images from Zillow's website. Joinder is required because this Court at best can provide only incomplete relief without Zillow's clients as parties.

### 2. VHT's clients have contractual interests that this lawsuit threatens to impair.

Although the inability of the Court to provide complete injunctive relief necessitates joinder under Rule 19(a)(1)(A) alone, joinder is also necessary under Rule 19(a)(1)(B) because proceeding without VHT's clients risks impairing those clients' ability to protect contractual interests that they bargained for. *See Peabody W. Coal Co.*, 610 F.3d at 1076 (stating that a party is required under Rule 19(a)(1)(B) if it "claims an interest relating to the subject of the action and is so situated that disposing of the action in [its] absence may . . . impair or impede [its] ability to protect" that interest).

VHT's clients have an interest that ***will*** be impeded in the event VHT wins. Indeed, for VHT to prevail against Zillow ***requires*** a determination that VHT's clients are breaching their licenses and infringing VHT's copyrights. *See* Sargent Decl., Exhibits 5, 8, and 12. It is well established that in an action adjudicating contract rights, "all parties who may be affected by the determination of the action are indispensable." *Lomayaktewa v. Hathaway*, 520 F.2d 1342, 1325 (9th Cir. 1975) (stating that "no principle is more deeply imbedded in the common law"); *see also Dawavendewa v. Salt River Project*, 276 F.3d at 1156 (9th Cir. 2002) (noting that all parties to a contract are required where the judgment "could cause the entire tapestry of the agreement to unravel"). The fact that an absent parties like VHT's licensees may not be legally bound by a ruling is of no moment. The ability of an absent party to "litigate the issue . . . free of the constraints of res judicata or collateral estoppel does not by itself excuse their absence as a necessary party." *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1024 (9th Cir. 2002). Rather, joinder is required "whenever the absent party has clear rights and affirmative obligations under the contract which the court must construe." <u>*KnowledgePlex, Inc. v. Placebase, Inc.*</u>, No. C

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 11 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

08-4267 JF(RS), 2008 WL 5245484, at *4 (N.D. Cal. Dec. 17, 2008) (indication of internal quotation and alterations omitted) (copyright case).

Accordingly, precedent in this district, affirmed by the Ninth Circuit, holds that a case must be dismissed under Rule 19 when it is not feasible to join absent parties to a contract whose reasonably disputed interpretation controls the liability of the parties before the court. *See Young v. Regence Blueshield*, No. C07-2008RSL, 2009 WL 1604524, at *5 (W.D. Wash. June 4, 2009) (Lasnik, J.), *aff'd*, 389 F. App'x 692 (9th Cir. 2010). *Young* was a class action on behalf of subscribers to certain Regence health insurance plans. Regence had promised that preferred providers under the plan would charge patients Regence-negotiated rates for care; in fact, those providers only charged the lower Regence rates while the deductible and plan benefits were still available. Once the patient exceeded the maximum benefit amount under the policy, the providers began charging higher, non-Regence rates. *Id.* at *1. As part of their claim, the plaintiffs contended that the providers' contracts with Regence required the providers to charge the lower rate at all times. *Id.* at *2. None of the providers had been named as parties to the suit.

Like this case, the dispute at issue in *Young* would have required the court to construe the contractual rights of a third-party. In *Young*, it was the absent providers' right to charge patients according to its own rate schedule; here, it is the absent VHT clients' right to use VHT photographs, as VHT has represented to them, "wherever [they] want, any way [they] want, for as long as [they] want." Judge Lasnik rejected the plaintiffs' argument that the contracts at issue in *Young* failed to establish a protectable third-party interest for purposes of Rule 19:

> The mere fact that plaintiffs are requesting that the Court construe that contract language and decide the parties' obligations thereunder implicates the providers' rights. Therefore, the relief plaintiffs seek would affect their rights. Nor are the providers' interests solely financial as plaintiffs allege. Rather, it is an interest in their businesses and contract relationships, which is cognizable under Rule 19.

*Young*, 2009 WL 1604524 at *2.

Exactly the same principles apply here. It is indisputable that the contracts VHT has with its clients are at issue in this litigation—the case requires the Court to interpret their scope. If VHT's

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 12 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

clients received unrestricted rights to use VHT's photographs, then they properly exercised those rights by providing the photos to Zillow. And Zillow, therefore, would not be infringing but would be acting pursuant to a valid license. Indeed, VHT acknowledged that its license agreements are central to its claims by describing them in its Complaint. *Dkt.* 53 ¶ 23 (stating that it grants "all but one of its brokerage clients only a non-exclusive license to use the photographs for the narrowly limited purpose of marketing the specific properties they depict and the listing broker, and then only while those properties are on the market").

Not only are the VHT licenses central to the case, their proper interpretation is hotly contested issue. The very fact that those licensees have purported to exercise rights in the photographs that VHT claims its licenses do not grant establishes a reasonable dispute about those licenses scope. *See Young*, 2009 WL 1604524, at *2 ("However, plaintiffs have not shown that their interpretation of the contract is undisputed. At least the providers who treated plaintiffs and their dependents seem to believe that their contracts entitle them to charge their regular rates once benefits have been exhausted."). So does VHT's own characterization of the "full licensing rights" it provides as allowing agents to "use the photographs wherever you want, any way you want, and for as long as you want."[4]

VHT's clients' interest in the outcome of this dispute could hardly be more obvious. Certainly, VHT's clients have an interest in how *they* are allowed to use the photos they have paid for and licensed—an interest highlighted by the fact that many current VHT clients are already using VHT photos in ways VHT claims are unauthorized. *See, e.g.*, Sargent Decl., Exhibits 5, 8, and 12. If VHT obtains a favorable ruling on the scope of its license agreements, VHT would be

---

[4] Parol evidence such as VHT's statements made to induce its clients to enter into its licenses are admissible to interpret ambiguous terms even in the presence of an integration clause. *See, e.g., Music Dealers, LLC v. Sierra Bravo Corp.,* No. 1:12–cv–00712, 2012 WL 4017950 (N.D.Ill. Sept. 10, 2012); *First Am. Commercial Bancorp, Inc. v. Interior Architects, Inc.,* No. 03 CV 00638, 2004 WL 2011398 (N.D.Ill.2004).

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 13 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

in a better position to sue those clients. Indeed, such a ruling may intimidate VHT clients into limiting their use of the VHT photos even without further lawsuits.

Finally, VHT's clients have an independent interest in being joined because their conduct is effectively being adjudicated. Absent parties have an interest that is impeded where "as a practical matter, there is no way for Plaintiffs to prevail in th[e] litigation without a finding that damages were a result of [the missing party's] conduct." *Kennedy v. AJVS, Inc.*, No. C11-1231 MJP, 2012 WL 1748013, at *2 (W.D. Wash. May 15, 2012); *see also Am. Greyhound Racing, Inc.*, 305 F.3d at 1024 (stating that an absent party's interests are "as a practical matter" necessarily affected under Rule 19(a)(2) "by the judgment that its operations are illegal"). In *Kennedy*, this Court held that an absent estate had to be joined in litigation against a company formerly managed by the estate's decedent. 2012 WL 1748013, at *2. Specifically, the Court concluded that the absentee estate would be affected by any judgment because, for the plaintiffs to prevail in the litigation against the defendant company, the Court had to find that the damages were the result of the decedent's conduct. *Id.*

Just as in *Kennedy*, the crux of this lawsuit is whether VHT's clients—not Zillow—committed wrongdoing by providing downstream rights they didn't have. Because VHT's claim requires the Court to pass judgment on the actions of VHT's clients, those clients must be joined. If they aren't, they risk suffering the loss of their interests—and potential liability on the basis of their conduct—without being heard. This is precisely what Rule 19(a) is designed to protect against.

Older cases from out of circuit that VHT may cite in which an upstream licensor was not required to be joined are not on point here. In *Gilliam v. American Broadcasting Corp.,* 538 F.2d 14 (2nd Cir. 1976), for example, there was no colorable dispute that an upstream license to the BBC that permitted pre-production editing of Monty Python scripts did not authorize the challenged modifications to programs after they had been recorded. Indeed, the BBC had affirmatively communicated its understanding to ABC that the programs should be shown in their

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

entirely, *see id.* at \*18, and thus, unlike VHT's licensees here, never purported to exercise a right that the copyright holder claimed it did not possess. *Costello Publishing Co v. Rotelle,* 670 F.2d 1035 (D.C. Cir. 1981) involved the sale in the United States of a completed run of books that had been purchased from an intermediate party who had obtained them from a foreign publisher. Unlike VHT's licensees in this case, the foreign publisher in *Costello* was no longer exercising any rights under its license to produce more books that would be affected by a finding in the litigation against the downstream purchaser. Thus subsequent decisions have interpreted *Costello* as holding only "that a party is not necessary for the **sole** reason that a party needs to obtain evidence from it." *Brown v. United States*, 42 Fed. Cl. 538, 564 (1998), *aff'd*, 195 F.3d 1334 (Fed. Cir. 1999) (emphasis added, internal indication of quotation omitted).

This case is distinct from both *Gilliam* and *Costello* because Zillow's upstream providers have both affirmatively undertaken in their contractual representations to Zillow that they have, and through their conduct in posting and providing the allegedly infringing photos continue to exercise, rights that VHT disputes they possess under the contracts whose construction controls VHT's claim for copyright infringement. This is not a case in which mere evidence about those licenses may be sought from those absent parties, but one in which their ongoing exercise of rights under those licenses will be determined. Thus the central requirement of Rule 19 that was missing in both *Gilliam* and *Costello*—that the absent party assert an interest in the subject matter of the litigation—is present here.

**B. It is not feasible to join VHT's clients.**

As a practical matter, joinder of the missing VHT clients would be extremely difficult, if not impossible, due to the sheer number of parties. *See, e.g., Wright*., 597 F. Supp. 2d at 1209 (noting that "it also appears unlikely that over 7,800 property owners can feasibly be joined and served in this action"). Here, VHT has preliminarily identified more than 300 unique VHT clients whose contracts with VHT are in issue. *See* Sargent Decl., Exhibit 13. This number is certain to increase based on recent discovery.

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 15 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

Joinder would also face challenges based on venue provisions in VHT's licensing agreements. Most, if not all, of these agreements require any related litigation to be filed in VHT's home district of Cook County, Illinois. *See, e.g.*, Sargent Decl., Exhibit 2 at VHT038647. If VHT sought to implead its licensees for alleged breaches of these agreements, at least some of the licensees would undoubtedly seek to transfer the case to Illinois pursuant to the venue provision.

This Court also appears to lack personal jurisdiction over at least some of the absentee VHT clients. *Kennedy*, 2012 WL 1748013, at *3 (noting that joinder is not feasible where an "absentee is not subject to personal jurisdiction"). Many VHT clients are regional brokerages who do not do business in the State of Washington and have no presence here. *See, e.g.,* Sargent Decl., Exhibit 13 (listing Customers VHT has identified in conjunction with images it accuses Zillow of infringing). As such, they are unlikely to be subject to general personal jurisdiction in Washington. *Cognigen Networks, Inc. v. Cognigen Corp.*, 174 F. Supp. 2d 1134, 1137 (W.D. Wash. 2001) (noting that general personal jurisdiction requires a "continuous and systematic presence in the forum state"); *see also Gen Ads, LLC v. Breitbart*, 435 F. Supp. 2d 1116, 1121 (W.D. Wash. 2006) (noting that Washington's long-arm statute extends the Court's personal jurisdiction to the broadest reach that the United States Constitution permits). In the event the Court determines that it has insufficient information to determine whether joinder is feasible, it should require VHT to demonstrate that personal jurisdiction exists over its clients. *Wright*, 597 F. Supp. 2d at 1212 (ordering plaintiff to perform additional feasibility briefing where the Court "lack[ed] the information necessary to determine whether joinder of the[] parties [was] feasible").

**C.  Dismissal is required because continuing without VHT's clients is not equitable.**

Equity and good conscience, the third step in the Rule 19 analysis, favor dismissal. Rule 19(b) lists several factors that the court can consider in determining whether to proceed when it is not feasible to join required parties. Consideration of four of the factors is mandatory: "(1) the plaintiff's interest in having a forum; (2) the defendant's interest in not proceeding without the

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

required party; (3) the interest of the non-party considering 'the extent to which the judgment may as a practical matter impair or impede [its] ability to protect [its] interest in the matter'; and (4) the interests of the courts and the public in 'complete, consistent, and efficient settlement of controversies.'" *Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 1000 (9th Cir. 2011) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)). Dismissal is warranted when at least three factors weigh in its favor. *See, e.g.*, *Kennedy*, 2012 WL 1748013, at *4. Here, all *four* enumerated factors favor dismissal.

### 1. VHT has an adequate alternative remedy.

VHT cannot claim that it does not have an adequate alternative remedy in this case since it is free to litigate its claims against its clients who have caused the alleged infringements in the courts of Cook County, Illinois. As discussed, VHT has contractually promised its clients that "[a]ny dispute concerning, arising from, or in connection with this Agreement shall be resolved . . . in the state and federal courts located in the State of Illinois, County of Cook." *See, e.g.*, Sargent Decl., Exhibit 2 at VHT038647. The proper forum for this litigation is therefore the one that VHT has *already* selected. Requiring VHT to litigate the case against its responsible clients in Cook County also resolves the personal jurisdiction issues because the VHT clients have already contractually consented to jurisdiction in that forum.

### 2. Zillow will be prejudiced without joinder of VHT's clients.

Zillow will be prejudiced if VHT's clients are not joined because it would be required to litigate the scope of VHT's clients' rights without those clients' active participation. As parties, those clients would be motivated to present the best case possible to justify their conduct and establish their rights. Moreover, they were directly involved with VHT in negotiating the agreements and in establishing the course of dealing surrounding the agreement. Parol evidence such as that is particularly significant in a case involving interpretation of an ambiguous contract.

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 17 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA 98101-3000

Zillow may be able to obtain some of this evidence through third-party subpoenas, but that is no substitute for the participation of both of the contracting parties.

### 3. *Proceeding would impede the interests of the required parties.*

As the Western District of Washington has noted, "the first factor of prejudice 'largely duplicates the consideration that made a party necessary under Rule 19(a).'" *Young*, 2009 WL 1604524, at *3 (citing *American* Greyhound, 305 F.3d at 1024-25). Accordingly, the same considerations that require joinder of VHT's clients support dismissal. In short, if VHT's clients are not joined, their interests in both their contractual relationship with VHT and their contractual relationship with Zillow (and potentially other marketing avenues) will be impeded, causing them prejudice. This prejudice is particularity severe where, as here, a narrow interpretation of the scope of the VHT licenses—apart and aside from any contractual relationship that the brokerages have with Zillow or other syndicators—will prevent the brokerages from using their photos to market agents after a property is off the market. This is something the brokerages already do. *See* Sargent Decl., Exhibits 5 and 8. This factor also weighs in favor of dismissal.

### 4. *Dismissal is in the best interest of the public and the judiciary .*

Courts routinely hold that if a lawsuit "will spawn more litigation on the same issues raised in this suit," dismissal is favored. *Shell W. E & P Inc. v. Dupont*, 152 F.R.D. 82, 86 (M.D. La. 1993). A verdict for VHT in this litigation would involve a determination that the scope of VHT's license is narrower than is understood by hundreds of VHT licensees, as evidenced by their use of VHT photographs not only on Zillow, but also on their own and other third-party web sites. Absent a resolution of this difference of understanding, VHT's licensees will persist in the uses that VHT claims is unauthorized, potentially establishing predicates for further copyright suits just like this. *See City of Littleton, Colo. v. Com. Union Assur. Companies*, 133 F.R.D. 159, 162 (D. Colo. 1990) (finding this factor persuasive and ordering dismissal). Only by requiring VHT to resolve its disagreement with its licensees about the scope of their licenses can the specter of serial litigation against unwitting service providers like Zillow be affirmatively foreclosed.

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 18 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA  98101-3000

## V.   CONCLUSION

Because this suit turns on the determination of the contractual rights of absent parties who cannot feasibly be joined, Zillow respectfully requests that the Court grant its motion for judgment on the pleadings for failure to join indispensable parties and dismiss VHT's claims with prejudice.

Dated: August 18, 2016

By: */s/ Edgar Sargent*
Brooke A. M. Taylor, WA Bar # 33190
btaylor@susmangodfrey.com
Edgar G. Sargent, WA Bar # 28283
esargent@susmangodfrey.com
Ian Bradford Crosby, WA Bar # 28461
icrosby@susmangodfrey.com
Jordan Connors, WA Bar # 416499
jconnors@susmangodfrey.com
Jenna G. Farleigh, WA Bar # 416499
jfarleigh@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone:      (206) 516-3880
Facsimile:      (206) 516-3883

*Attorneys for Defendants ZILLOW GROUP, INC. and ZILLOW, INC.*

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 19 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA   98101-3000

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

By: */s/ Edgar G. Sargent*

Defs' Mtn for Judgment on Pleadings for Failure to Join
Indispensable Parties
Case No. 2:15-cv-01096-JLR
Page 20 of 25

**Susman Godfrey LLP**
1201 Third Avenue, Suite 3800
Seattle WA   98101-3000