1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | VHT, INC.,

11 | Plaintiff,

12 | v.

13 | ZILLOW GROUP, INC., et al.,

14 | Defendants.

CASE NO. C15-1096JLR

ORDER

## I.   INTRODUCTION

Before the court is Plaintiff VHT, Inc., and Defendants Zillow Group, Inc., and

Zillow, Inc.'s (collectively, "Zillow") joint submission regarding a discovery dispute.

(Joint Subm. (Dkt. # 110)); *see also* Local Rules W.D. Wash. LCR 37.  Zillow moves to

compel VHT to "identify and produce all agreements it has with third parties that transfer

or provide an interest in the recovery sought in this action."  (*Id.* at 1.)  VHT opposes

Zillow's motion.  (*Id.*)  Having reviewed the parties' joint submission, the applicable law,

ORDER- 1

1   and the relevant portions of the record,[1] the court DENIES Zillow's motion to compel

2   without prejudice.

## II.   BACKGROUND & ANALYSIS

4         VHT sued Zillow for direct, contributory, and vicarious copyright infringement of

5   images used by Zillow.  (*See generally* Am. Compl. (Dkt. # 105).)  Zillow

6   counterclaimed and alleges that VHT violated two statutes and committed several torts.

7   (*See* Answer (Dkt. # 112) at 25-34.)

8         In the disputed discovery request, Zillow requested that VHT "[i]dentify any

9   person other than VHT that may have an interest in any recovery [sought] in this action,

10  and, . . . identify any agreement under which [VHT] may be required to share or assign

11  any of the recovery in this action."[2]  (Joint Subm. at 2 (alterations in original) (citing

12  Interrogatory No. 19).)[3]  Zillow principally argues that this information is relevant to

13  "whether VHT has standing to pursue its copyright infringement claims."  (*Id.*; *see also*

14  *id.* at 4-6.)  In addition, Zillow argues that "the funders' interest may render them

15  indispensable parties, . . . the funders may be co-conspirators and potential defendants,

16  and . . . [the funders] may be witnesses to relevant transactions."  (*Id.* at 6.)

17

18

---

19  [1] Neither party has requested oral argument, and the court concludes oral argument is unnecessary to the disposition of this motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

20  [2] In meet and confers, Zillow has "explicitly excluded from its request the fee agreement that VHT has with its law firm."  (Joint Subm. at 2 n.1.)

21
22  [3] The parties submitted no factual evidence with their joint submission, but because there is no factual dispute over the materials at issue, the court treats as true the representations in the parties' briefing.

ORDER- 2

1      Nothing more than speculation supports Zillow's arguments that VHT may lack

2  standing or that VHT's litigation funder, if any exists, may be a necessary party,

3  co-conspirator, or witness. (*See generally* Joint Subm.)  The court allowed Zillow to file

4  amended counterclaims based on the "'extreme liberality' with which the court must

5  grant leave to amend under Federal Rule of Civil Procedure 15." (8/17/16 Order (Dkt.

6  # 96) at 2 (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1046, 1051 (9th Cir.

7  2003)).)  However, as VHT argues, there are "flaws in Zillow's claims." (*Id.*)

8      Without some objective evidence that any of Zillow's theories of relevance apply

9  in this case, the court will not order VHT to respond to Interrogatory 19 and produce

10  responsive documents.  Rule 26 provides that "[p]arties may obtain discovery regarding

11  any nonprivileged matter that is relevant to any party's claim or defense and proportional

12  to the needs of the case."[4]  Fed. R. Civ. P. 26(b)(1).  Of the enumerated considerations

13  that bear on proportionality, "the importance of the discovery in resolving the issues" and

14  _____

15  [4] Zillow repeatedly misstates the current law regarding the scope of discovery. (*See* Joint
Subm. at 4 (omitting the proportionality requirement from its articulation of the scope of

16  discovery, stating that "[t]he bar to establish relevance is low and only requires that the requested
information appear to be reasonably calculated to lead to the discovery of admissible evidence,"
and exclusively citing cases decided before the December 2015 amendments to the Civil Rules

17  went into effect).)  Evidence must be nonprivileged, relevant, and proportional in order to be
discoverable. *See* Fed. R. Civ. P. 26(b)(1).  In addition, the December 2015 amendments to the

18  Civil Rules removed the "reasonably calculated" language from Rule 26(b)(1). *See* Fed. R. Civ.
P. 26(b)(1) advisory committee's note to 2015 amendment ("The former provision for discovery

19  of relevant but inadmissible information that appears 'reasonably calculated to lead to the
discovery of admissible evidence' is also deleted.  The phrase has been used by some,

20  incorrectly, to define the scope of discovery.  As the Committee Note to the 2000 amendments
observed, use of the 'reasonably calculated' phrase to define the scope of discovery 'might

21  swallow any other limitation on the scope of discovery.' . . . The 'reasonably calculated' phrase
has continued to create problems . . . and is removed by these amendments.").  Zillow's

22  arguments lack merit because they are based on prior, broader iterations of the scope of
discovery.

ORDER- 3

1    "whether the burden or expense of the proposed discovery outweighs its likely benefit"

2    particularly favor VHT's position.  *Id.*  Although Zillow poses several imaginable

3    hypotheticals in which VHT's litigation funding scenario becomes relevant, the dearth of

4    evidence on the record supporting Zillow's position renders that information negligibly

5    relevant, minimally important in resolving the issues, and unduly burdensome.  *See id.*

6    Therefore, based on the record before the court, the information is disproportional to the

7    needs of the case.  *See id.*

8         In the absence of some indication that any of Zillow's theories of relevance are

9    more than just theories, the court denies Zillow's motion to compel.  The denial,

10   however, is without prejudice to renewing the motion should Zillow be able to present

11   evidence—rather than speculation—to support its theories.

### III.   CONCLUSION

13        Based on the foregoing analysis, the court DENIES Zillow's motion to compel

14   (Dkt. # 110) without prejudice.

15        Dated this 8th day of September, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 4