UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VHT, INC., Plaintiff, v. ZILLOW GROUP, INC., et al., Defendants. | CASE NO. C15-1096JLR FINAL JURY INSTRUCTIONS |

Dated this 8th day of February, 2017.

JAMES L. ROBART
United States District Judge

## JURY INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Do not decide the case based on "implicit biases." Everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases," that we may not be aware of. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions. Our

system of justice is counting on you to render a fair decision based on the evidence, not on biases.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important. For purposes of these jury instructions and the verdict form, you should treat "Zillow" as referring to both Defendants in this case, Zillow Group, Inc., and Zillow, Inc.

JURY INSTRUCTION NO. 2

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I have instructed you to accept as proved.

# JURY INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and have said or will say at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# JURY INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

# JURY INSTRUCTION NO. 6

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object, and you may have seen this happen at trial. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

If I ordered that evidence be stricken from the record, then you must disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# JURY INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 8

Some of you have taken notes during trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

# JURY INSTRUCTION NO. 9

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I may not have always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# JURY INSTRUCTION NO. 10

The parties have agreed to certain facts to be placed in evidence as Exhibit No. 600. You must therefore treat these facts as having been proved.

JURY INSTRUCTION NO. 11

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# JURY INSTRUCTION NO. 12

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, large monitor, and accessory equipment will be available to you in the jury room.

You will be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the courtroom deputy. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the courtroom deputy, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. In your note, do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, court technicians have taken steps to ensure that the

computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

JURY INSTRUCTION NO. 13

The parties in this case are all corporations. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

JURY INSTRUCTION NO. 14

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts and omissions of its employees, agents, directors, and officers performed within the scope of authority.

# JURY INSTRUCTION NO. 15

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to, or authorize others to:

1. reproduce the copyrighted work in copies;
2. recast, transform, or adapt the work, that is, prepare derivative works based upon the copyrighted work;
3. distribute copies of the copyrighted work to the public; and
4. display publicly a copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights. In general, copyright law protects against reproduction, adaptation, public distribution, and public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

JURY INSTRUCTION NO. 16

VHT asserts that Zillow, through "Digs," infringed VHT's copyrights in 28,125 photographs. I will refer to those photographs collectively as "the VHT Photos."

VHT alleges that Zillow committed three types of copyright infringement: (1) direct copyright infringement, (2) contributory copyright infringement, and (3) vicarious copyright infringement.

Zillow does not deny that the VHT Photos appear on Digs, but Zillow denies that it is liable for any type of copyright infringement. In addition, Zillow asserts two affirmative defenses: (1) that it possesses a license from VHT to use all of the VHT Photos on Digs, and (2) that all reproduction, cropping, and scaling of the VHT Photos in connection with Digs was fair use.

The following instructions explain how to assess each of these claims and affirmative defenses.

## JURY INSTRUCTION NO. 17

Anyone who copies from a copyrighted work during the term of the copyright without the owner's permission directly infringes the copyright.

On its direct copyright infringement claim, VHT has the burden of proving by a preponderance of the evidence that:

1. VHT is the owner of a valid copyright; and
2. Zillow copied from the copyrighted work.

If you find that VHT has proved both of these elements, your verdict should be for VHT on its direct infringement claim. If, on the other hand, you find that VHT has failed to prove either of these elements, your verdict should be for Zillow on VHT's direct infringement claim.

# JURY INSTRUCTION NO. 18

A defendant may be liable for direct copyright infringement engaged in by others if the defendant knew or had reason to know of the direct infringement and intentionally induced or materially contributed to that direct infringement. This claim is called contributory infringement.

If you find that users of the Digs platform reproduced, created derivative works of, distributed, or displayed VHT's copyrights in the VHT Photos without authorization, you must determine whether Zillow contributorily infringed VHT's copyrights in those photos. VHT has the burden of proving either of the following by a preponderance of the evidence:

1. Zillow knew or had reason to know of the specific infringing activity of users of the Digs platform and materially contributed to that infringing activity; or
2. Zillow knew or had reason to know of the infringing activity of users of the Digs platform and intentionally induced infringing activity by users of the Digs platform.

In order for you to find that Zillow materially contributed to the infringing activity, Zillow must have been able to take simple measures to prevent further damage to copyrighted works yet continued to provide access to infringing works.

In order for you to find that Zillow intentionally induced the infringing activity, Zillow's intent to induce the infringing activity must be shown by clear expression of that intent or other affirmative steps taken by Zillow to encourage infringement.

If you find that users of the Digs platform reproduced, created derivative works of, distributed, or displayed the VHT Photos without authorization, and you also find that VHT has proved either of the two elements listed above, your verdict should be for VHT as to those photos on its contributory infringement claim. If, on the other hand, users of the Digs platform did not reproduce, create derivative works of, distribute, or display the VHT Photos without authorization, or if VHT has proved neither of the two elements listed above, your verdict should be for Zillow on VHT's contributory infringement claim.

JURY INSTRUCTION NO. 19

A defendant may be liable for direct copyright infringement engaged in by others if the defendant directly benefited financially and had the right and ability to supervise or control the direct infringement and failed to exercise that right and ability. This claim is called vicarious infringement.

If you find that users of the Digs platform copied, created derivative works of, distributed, or displayed the VHT Photos without authorization, you must determine whether Zillow vicariously infringed VHT's copyrights in those photos. On its vicarious infringement claim, VHT has the burden of proving each of the following elements by a preponderance of the evidence:

1. Zillow directly benefitted financially from the specific direct infringement of VHT Photos by users of the Digs platform;
2. Zillow had the right and practical ability to supervise or control the direct infringement of users of the Digs platform; and
3. Zillow failed to exercise that right and ability.

To prove that Zillow directly benefitted financially, VHT must prove a causal connection between the specific infringing activity of Digs users and the direct financial benefit Zillow derived from Digs. Infringing VHT Photos must be a draw to users, sponsors and/or advertisers on the Digs platform, but they do not need to be a substantial draw.

If you find that users of the Digs platform reproduced, created derivative works of, distributed, or displayed VHT's copyrights in the VHT Photos without authorization, and

you find that VHT has proved each of the three elements listed above as to specific VHT Photos, your verdict should be for VHT as to those photos on its vicarious infringement claim. If, on the other hand, users of the Digs platform did not reproduce, create derivative works of, distribute, or display VHT's copyrights in the VHT Photos without authorization, or if VHT has failed to prove any of the three elements listed above, your verdict should be for Zillow on VHT's vicarious infringement claim.

# JURY INSTRUCTION NO. 20

Zillow contends that it is not liable for copyright infringement because VHT granted Zillow an implied license in VHT's copyrighted work. VHT cannot claim copyright infringement against Zillow for copying images in a manner that an implied license between VHT and Zillow authorizes. A license may be implied from conduct.

In order to show the existence of an implied license, Zillow has the burden of proving that:

1. VHT's customers requested that VHT create the specific VHT Photos;
2. VHT made the specific VHT Photos and delivered them to its customers; and
3. VHT intended that its customers provide copies of the VHT Photos to websites and that those websites would copy the VHT Photos in the manner that Zillow did on Digs.

If you find that Zillow has proved by a preponderance of the evidence that VHT granted Zillow an implied license, you must determine whether Zillow's use was within the scope of that implied license. Zillow has the burden of proving by a preponderance of the evidence that its use was within the scope of the implied license.

If you find that Zillow has proven the existence of an implied license and that Zillow's use of the VHT Photos was within the scope of that implied license, your verdict should be for Zillow as to those photos.

JURY INSTRUCTION NO. 21

In order for the Terms of Use ("TOU") to be binding between VHT and its clients, VHT must prove by a preponderance of the evidence that each of VHT's clients that VHT contends are bound by the TOU agreed to all of the material terms in the TOU, including the scope of the license. The court has determined, and you are to take as proven, that to the extent the TOU is binding, the TOU licenses an image to be used only for purposes of marketing the property that the image depicts.

VHT and Zillow agree that both versions of the Service Level Agreement ("SLA") are binding between VHT and its clients. It is up to you to determine the intent of the parties to the SLA as to the scope of the license conferred by the two versions of the SLA.

# JURY INSTRUCTION NO. 22

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Zillow contends that it made fair use of some of the VHT Photos by reproducing, cropping, and/or scaling those photos for the purpose of facilitating the operation of the Digs website. Zillow has the burden of proving this affirmative defense by a preponderance of the evidence. The court has determined, and you are to take as proven, that the Digs searchable functionality does not constitute fair use.

In determining whether the reproduction, cropping, and/or scaling of the VHT Photos was fair, you should consider the following factors:

1. the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;
2. the nature of the copyrighted work;
3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
4. the effect of the use upon the potential market for or value of the copyrighted work.

If you find that Zillow has proved by a preponderance of the evidence that Zillow's reproduction, cropping, or scaling made a fair use of the VHT Photos, your

verdict should be for Zillow as to any photos for which you find that VHT has established claims based solely on violation of those particular rights. However, if you find that VHT has established claims based on violation of VHT's exclusive rights to display, distribute, and/or make derivative works of that VHT Photo by means other than cropping and/or scaling, your finding of fair use is not a defense to VHT's claim of infringement as to that VHT Photo.

# JURY INSTRUCTION NO. 23

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for VHT on one or more of VHT's copyright infringement claims, you must determine VHT's damages. VHT is entitled to recover the actual damages suffered as a result of the infringement. VHT must prove damages by a preponderance of the evidence.

Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by Zillow of VHT's work. That amount could also be represented by the lost license fees that VHT would have received for Zillow's unauthorized use of the VHT Photos.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

JURY INSTRUCTION NO. 24

If you find for VHT on one or more of VHT's claims, you must also determine the amount of VHT's statutory damages. Congress established statutory damages for each separate work infringed. Each VHT Photo that has independent economic value constitutes a separate work.

The purpose of statutory damages is not only to compensate VHT for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws. Statutory damages are an alternative to the actual damages plus profits discussed in the previous instruction, so your determination of statutory damages should ignore any actual damages or profits that you award.

The amount you may award as statutory damages is not less than $750.00, nor more than $30,000.00 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200.00 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000.00 for each work willfully infringed.

The following instructions explain what constitutes innocent infringement and what constitutes willful infringement.

# JURY INSTRUCTION NO. 25

An infringement is considered innocent if Zillow has proved both of the following elements by a preponderance of the evidence:

1. Zillow was not aware that its acts constituted infringement of the copyright; and
2. Zillow had no reason to believe that its acts constituted an infringement of the copyright.

# JURY INSTRUCTION NO. 26

An infringement is considered willful if VHT has proved both of the following elements by a preponderance of the evidence:

1. Zillow engaged in acts that infringed the copyright; and
2. Zillow knew that those acts infringed the copyright, or Zillow acted with reckless disregard for, or willful blindness to, VHT's rights.

JURY INSTRUCTION NO. 27

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTION NO. 28

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

JURY INSTRUCTION NO. 29

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.