UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VHT, INC., | CASE NO. C15-1096JLR |
| Plaintiff, | ORDER |
| v. | |
| ZILLOW GROUP, INC., et al., | |
| Defendants. | |

Before the court are the parties' motions for judgment as a matter of law, which the court took under advisement during trial. (*See* Dkt. ## 264-67, 269, 271.); Fed. R. Civ. P. 50 advisory committee's note to 1991 amendment ("The court may often wisely decline to rule on a motion for judgment as a matter of law made at the close of the evidence."); *Runnings v. Ford Motor Co.*, 461 F.2d 1145, 1148 n.4 (9th Cir. 1972) ("This case once again demonstrates the desirability of withholding action on motions for directed verdicts and permitting the jury to reach a verdict."). The jury returned its verdict on February 9, 2017. (Verdict Form (Dkt. # 281) at 6.)

ORDER - 1

The court has not ruled on the Rule 50(a) motions, which if granted would overturn at least part of the jury's verdict. (*See id.*) Some courts have held that "a court's deferred consideration effectively converts the Rule 50(a) motion into a post-verdict Rule 50(b) motion." *Op Art, Inc. v. B.I.G. Wholesalers, Inc.*, No. 3:03 CV 0887 P, 2006 WL 3347911, at *1 (N.D. Tex. Nov. 17, 2006); *see also Merino v. Marchon, Inc.*, No. 92 4662 WDK (JRX), 1994 WL 695826, at *5 (N.D. Cal. Apr. 4, 1994). However, the court finds it more appropriate to deny the Rule 50(a) motions as moot.[1] *See Rose v. Barrett Twp.*, No. 3:09 CV 01561, 2014 WL 2039621, at *6 (M.D. Pa. May 9, 2014) ("Once the Court submits the matter to the jury, the 50(a) motion has effectively been mooted and no further briefing is necessary, unless the movant seeks to renew the Motion in accordance with 50(b)."); *Asahi Glass Co. v. Guardian Indus. Corp.*, 886 F. Supp. 2d 369, 378 & n.6 (D. Del. 2012) (dismissing as moot the parties' Rule 50(a) claims because the jury rendered its verdict and the court took up the defendant's Rule 50(b) motion). The court denies the parties' Rule 50(a) motions as moot, without prejudice to re-raising the same legal questions in motions under Rule 50(b). Any renewed motion must cite the

---

[1] Converting the Rule 50(a) motions into Rule 50(b) motions without requiring the movants to renew the motions would contravene the requirement that a movant "file a renewed motion for judgment as a matter of law" "[n]o later than 28 days after the entry of judgment." Fed. R. Civ. P. 50(b); *see Johnson v. N.Y., N.H., & H.R. Co.*, 344 U.S. 48, 49 (1952) ("[I]n the absence of a motion for judgment notwithstanding the verdict made in the trial court within [the time allotted by Rule 50(b)] after reception of a verdict the rule forbids the trial judge . . . to enter such a judgment."); *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) ("If the judge denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party, the party may renew its motion under Rule 50(b)."); 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2537 (3d ed. 1998) ("The motion must be made even though the trial court expressly has reserved decision on the motion at the close of the evidence."). Moreover, written briefing would aid the court's analysis of the parties' motions.

ORDER - 2

relevant law and reference specific evidence presented at trial that supports the parties' respective positions. The court takes no position on the merits of the motions.

The court seeks briefing on an additional matter related to entry of judgment. VHT has elected to receive statutory damages. (2/10/17 Not. (Dkt. # 274).) VHT contends that it is entitled to $8,247,300.00 in statutory damages for the 19,312 infringed works that were eligible for statutory damages, and $25,028.92 in actual damages for the 8,813 infringed works that were not eligible for statutory damages. (*Id.* at 1 (citing Verdict Form at 5-6).) However, the Copyright Act is ambiguous as to whether a party may receive actual damages for some of the works at issue and statutory damages for others:

> [T]he copyright owner may elect . . . to recover . . . an award of statutory damages *for all infringements involved in the action*, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . ."

17 U.S.C. § 504(c)(1) (emphasis added). The emphasized text could be read to require VHT to make an all-or-nothing election between statutory and actual damages. *See id.* On the other hand, the clause following the emphasized text—"with respect to any one work"—could be read to allow VHT to make that election as to each work involved in this case. *See id.* VHT's notice tacitly embraces the latter reading but provides no analysis or authority for this interpretation. (*See* 2/10/17 Not. at 1.) The court seeks briefing on this question before entering judgment.

The court DIRECTS the parties to meet and confer on this issue and submit a joint statement of the parties' positions no later than February 21, 2017. If the parties disagree,

ORDER - 3

the parties must file opening briefs not to exceed four pages by February 24, 2017, and response briefs not to exceed two pages by March 1, 2017. The court will enter judgment after resolving this legal question.[2]

Dated this 14th day of February, 2017.

*signature*

JAMES L. ROBART
United States District Judge

---

[2] Motions for judgment notwithstanding the verdict must be filed no later than 28 days after the entry of judgment. *See* Fed. R. Civ. P. 50(b). Accordingly, the court's determination of this legal question and subsequent entry of judgment will not prejudice the parties' ability to bring timely Rule 50(b) motions.

ORDER - 4