UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VHT, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW GROUP, INC., et al., <br><br> Defendants. | CASE NO. C15-1096JLR <br><br> ORDER |

Before the court is the parties' joint statement regarding their proposed judgment. (Joint Stmt. (Dkt. ## 319-20).) The parties agree on the form of a final judgment in this matter with one exception: Plaintiff VHT, Inc., seeks prejudgment interest on all infringed images, whereas Defendants Zillow Group, Inc., and Zillow, Inc. (collectively, "Zillow") argue that prejudgment interest is inappropriate for the images that were eligible for statutory damages (the "statutory damages-eligible images"). (*See generally id.*; *see also* Prop. Judgment (Dkt. # 319-1).) Having considered the parties' arguments, the court DENIES prejudgment interest on the statutory damages-eligible images and

ORDER - 1

DIRECTS the Clerk to enter the proposed judgment using Zillow's proposed language on that subject.

Prejudgment interest serves a compensatory purpose. *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). Under the Copyright Act, "prejudgment interest may be necessary at times to effectuate the legislative purpose of making copyright holders whole and removing incentives for copyright infringement." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004). For instance, prejudgment interest may be warranted "to discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees." (*Id.*) Accordingly, prejudgment interest is available in this case at the court's discretion. *See Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, No. 06-CV-01848-H (POR), 2009 WL 160235, at *5 (S.D. Cal. Jan. 20, 2009).

The court concludes that prejudgment interest is not warranted for the statutory damages-eligible images. The jury found that VHT suffered actual damages of $2.84 for each infringed photograph. (Verdict Form (Dkt. # 281) at 4.) Based on this per-infringement actual damages value and the 2,702 statutory damages-eligible images for which the infringement verdict stands (6/20/17 Order (Dkt. # 315) at 45), Zillow's infringement of those images caused VHT actual damages of $7,673.68. However, because the jury awarded and VHT elected to receive statutory damages for those images, VHT's final damages award for the statutory damages-eligible images is $4,050,400.00. (*Id.* at 45-46.) This award represents a 527-fold multiplier on VHT's actual damages for the statutory damages-eligible images. That multiplier more than adequately

compensates VHT for copyright infringement. *See Dishman*, 269 F.3d at 988; *Polar Bear*, 384 F.3d at 718. Accordingly, the court DENIES VHT prejudgment interest on the statutory damages-eligible images and DIRECTS the Clerk to enter judgment pursuant to the parties' proposal, adopting Zillow's proposed language regarding prejudgment interest.

Dated this 10 day of July, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 3