UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VHT, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>ZILLOW GROUP, INC., et al.,<br><br>     Defendants. | CASE NO. C15-1096JLR<br><br>ORDER ON FURTHER PROCEEDINGS AFTER REMAND |

## I. INTRODUCTION

Before the court is the joint statement (Statement (Dkt. # 350)) filed by Plaintiff VHT, Inc. ("VHT") and Defendants Zillow Group, Inc. and Zillow, Inc. (collectively, "Zillow") pursuant to the court's May 8, 2020 order on the parties' cross-motions for partial summary judgment (5/8/20 Order (Dkt. # 347)). The court has considered the parties' joint statement, the balance of the record, and the applicable law. Being fully advised, the court DENIES Zillow's motion for judgment as a matter of law; DENIES Zillow's request to certify an interlocutory appeal of the court's May 8, 2020 order; and

ORDER - 1

ORDERS that this matter be set for trial limited to the 2,700 images that remain at issue in this case on the questions of (1) whether Zillow's infringement of the images was innocent and (2) statutory damages.

## II.    BACKGROUND

This action arises from Zillow's use of VHT's copyrighted real estate photos on its website.  (*See* PTO (Dkt. # 244) at 2-3.)  The court discussed the procedural and factual background of this case in detail in its order on the parties' cross-motions.  (*See* 5/8/20 Order at 2-11.)  Therefore, the court sets forth only the background most relevant to the issues currently before the court.

**A.    Jury Verdict**

At trial, the jury found that Zillow directly infringed 28,125 of VHT's images. (Verdict Form (Dkt. # 281) at 1-2; *see* 5/8/2020 Order at 4.)  Of these, Zillow used 28,124 of the photos in the "Digs" area of its website (including one that Zillow also used in an email) and one in a blog post.  (*See* 5/8/2020 Order at 4.)  The jury also found that Zillow contributorily and vicariously infringed VHT's copyrights, but because the verdict form instructed the jury not to double-count Zillow's infringements, it is not clear how many of the 28,125 images the jury found Zillow indirectly infringed.  (Verdict Form at 2.)  After rejecting Zillow's affirmative defenses of license and fair use (*id*. at 3), the jury awarded actual damages of $2.84 per photograph, or $79,875.00 (*id.* at 4).

The jury also awarded $8,247,300.00 in statutory damages.  (*Id.* at 6.)  The jury found that 19,312 images were eligible for statutory damages under 17 U.S.C. § 594(c)(1), and that each of those 19,132 images had independent economic value.  (*Id.*

at 5:6-17.)  The jury categorized 3,373 images as having been willfully infringed; 15,939 images as having been innocently infringed; and 0 images as having been infringed neither willfully nor innocently.  (*Id.* at 5:21-6:5.)  The jury awarded statutory damages of $1,500 per willfully infringed image and $200 per innocently infringed image.  (*Id.*)  The verdicts of $1,500 per willfully infringed image and $200 per innocently infringed image were near or at the bottom, respectively, of the permissible statutory damages ranges for willful and innocent infringement.  *See* 17 U.S.C. § 504(c)(1) (specifying statutory damages of not less than $750 or more than $30,000 for each infringement); *id.* § 504(c)(2) (specifying that damages may be increased to not more than $150,000 per willful infringement and decreased to not less than $200 per innocent infringement).

Because some of the statutory and actual damages were duplicative (*see* Verdict Form at 4:15-6:9), VHT elected to receive statutory damages for the 19,312 VHT Photos that were eligible for statutory damages and actual damages for the remaining 8,813 VHT Photos (*see* Dam. Election (Dkt. # 286) at 1).  Pursuant to the jury's verdict and VHT's damages election, the court entered judgment for VHT in the amount of $8,272,328.92.  (*See* Judgment (Dkt. # 296).)

**B.    Post-Trial Motions**

After trial, Zillow filed a motion for judgment notwithstanding the verdict or for a new trial.  (*See* JNOV Mot. (Dkt. # 301).)  The court partially granted Zillow's motion, reversed in part the jury's verdict, reduced VHT's actual damages to $3,467.64, and reduced VHT's statutory damages award to $4,050,400.00.  (*See* 6/20/17 Order (Dkt. # 315) at 46.)  Relevant to the issues currently before the court, the court granted Zillow

judgment notwithstanding the verdict on 673 of the 3,373 images that the jury had found were willfully infringed. (*See id.* at 17-18, 42.) The court denied Zillow's motion for judgment notwithstanding the verdict as to the remaining 2,700 images that the jury had found were willfully infringed. (*See id.* at 42-44.) The court determined that substantial evidence supported the jury's finding that Zillow was reckless or willfully blind in its use of those images. (*See id.*) The court entered a final judgment on July 10, 2017. (*See* Final Judgment (Dkt. # 322).)

**C.  Appeal**

The parties cross-appealed issues stemming from the court's entry of partial summary judgment (*see* 12/23/16 Order (Dkt. # 211)), the jury verdict, and judgment notwithstanding the verdict. *See VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 730 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 122, 205 (2019). Relevant to the issues currently before the court, the Ninth Circuit reversed the court's denial of judgment notwithstanding the verdict on the issue of willfulness as to the 2,700 images for which the court had affirmed the jury's verdict; vacated the jury's finding of willful infringement of those images; and remanded for consideration of the issue of whether VHT's photos used on Zillow's "Digs" site were part of a compilation or were individual "works" under the Copyright Act. *Id.* at 747-50.

**D.  The Fourth Estate Opinion**

On March 4, 2019, 11 days before the Ninth Circuit issued its opinion in this case, the United States Supreme Court decided *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, et al.*, ---U.S.---, 139 S. Ct. 881 (2019). *Fourth Estate* addressed

the interpretation of 17 U.S.C. § 411(a), which states, in relevant part, that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." *See* 17 U.S.C. § 411(a).  In a unanimous opinion, the Supreme Court resolved a circuit split and held that "'registration . . . has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *See id.* at 892.  *Fourth Estate* overturned the prior settled law in the Ninth Circuit, which had held that "receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a)." *See Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612, 621 (9th Cir. 2010), *overruled by Fourth Estate*, 139 S. Ct. 881.

**E.     Proceedings Following Remand**

Pursuant to the parties' stipulated briefing schedule (*see* 11/27/19 Order (Dkt. # 338)), Zillow filed a motion for judgment on the pleadings based on *Fourth Estate* or, in the alternative, for partial summary judgment on the compilation issue.  (*See* Zillow Mot. (Dkt. # 339).)  VHT filed a combined opposition to Zillow's motion and cross-motion for partial summary judgment on statutory damages.  (*See* VHT Mot. (Dkt. # 343).)

On May 8, 2020, the court issued its order denying Zillow's motion for partial summary judgment[1] and granting VHT's motion for partial summary judgment.  (*See*

---

[1] The court construed Zillow's motion for judgment on the pleadings as a portion of Zillow's motion for partial summary judgment.  (*See* 5/8/20 Order at 1.)

1   5/8/20 Order.)  First, the court held that *Fourth Estate* did not require it to dismiss VHT's
2   claims.  In relevant part, the court concluded that the registration requirement was not
3   jurisdictional (*id.* at 19); that VHT's compliance with 17 U.S.C. § 411(a) was the law of
4   the case (*id.* at 22); and that even if the law of the case doctrine did not apply, the
5   purposes behind § 411(a)'s registration requirement would not be served by vacating the
6   judgment and dismissing the case in its entirety where the case had progressed through
7   trial on the merits, a final judgment, and an appeal (*id.* at 23-24).  Second, the court held
8   that VHT's images that Zillow used on "Digs" did not constitute a "compilation" within
9   the meaning of 17 U.S.C. § 101 and therefore did not comprise a single "work" for
10  purposes of calculating statutory damages under 17 U.S.C. § 504(c).  (5/8/2020 Order at
11  25-35.)  The court reasoned that although VHT group-registered its images as
12  "compilations"—which would weigh in favor of a "compilation" finding—the form of
13  registration was outweighed for purposes of statutory damages by the form in which
14  VHT issued its images (on a per-image or per-property basis) and by the independent
15  economic value of the images.  (*Id.* at 34-35.)

16         Having decided these issues, the court ordered the parties to submit a joint
17  statement "that includes (a) the parties' positions as to the remaining issues left for
18  adjudication in this case; and (b) if the parties believe any issues remain that are not
19  addressed by an amended judgment, the parties' proposal for resolving those remaining
20  issues."  (5/8/20 Order at 36.)  The court also ordered the parties to submit "a proposed
21  judgment that accounts for the Ninth Circuit's reversal of the court's denial of Zillow's
22  motion notwithstanding the verdict on the issue of willfulness and vacating of the jury's

1  willfulness determination." (*Id.* (citing *VHT*, 918 F.3d at 750)).)  The court now

2  considers the parties' joint statement and proposed judgment.

### III.   ANALYSIS

4      VHT argues that no issues remain for the court's adjudication, and that the court

5  should not disturb the jury's award of $1,500 in statutory damages for each of the 2,700

6  images that the Ninth Circuit found were not willfully infringed. (Statement at 1-2.)

7  Zillow argues that the court should enter judgment as a matter of law in its favor because

8  VHT's copyright registrations are invalid. (*Id.* at 6-7.) In the alternative, Zillow

9  contends that the court should do one of the following:  (1) certify its May 8, 2020 order

10 for interlocutory appeal (*id.* at 7-8); (2) enter judgment as a matter of law that the 2,700

11 images were innocently infringed (*id*. at 9-10); or (3) order a new trial on damages for the

12 2,700 images (*id.* at 10).  The court first considers Zillow's argument that it is entitled to

13 judgment as a matter of law because VHT's copyright registrations are invalid before

14 considering the parties' arguments about how damages should be determined in light of

15 the Ninth Circuit's decision.

16 **A.  Zillow's Request for Judgment as a Matter of Law on Copyright Validity**

17     Zillow contends that it is entitled to judgment as a matter of law because the

18 court's conclusion that VHT's images were not a "compilation" implicitly invalidated

19 VHT's copyright registrations. (Statement at 6-7.)  It points out that VHT submitted a

20 declaration in support of its request for reconsideration of the Copyright Office's original

21 denial of its copyright application in which it asserted that "the VHT database meets the

22 requirement for original compilation authorship." (Statement at 7-8 (quoting Trial Ex.

1  244.005).) Zillow argues that this statement shows that VHT "knowingly included
2  inaccurate information in its copyright application that, if known to the Registrar, would
3  have led to refusal of registration." (*Id.* at 8 (citing *Gold Value Int'l Textile, Inc. v.*
4  *Sanctuary Clothing, LLC*, 925 F.3d 1140, 1147 (9th Cir. 2019)).)

5      The parties dispute the interpretation of the court's statement in its May 8, 2020
6  order that VHT's database was not a compilation as a matter of law. (*See* 5/8/20 Order at
7  35.) In that order, the court agreed with VHT that the question before it was not whether
8  VHT stored its images within a database, but whether the works infringed—that is, the
9  photos used on Digs—made up a compilation for purposes of statutory damages. (*Id.* at
10 34.) The court observed that VHT licenses its images on a per-image or per-property
11 basis, and found that the way in which VHT licensed the images at issue in this case and
12 the independent value of those images outweighed the fact that VHT group-registered its
13 images as a "compilation." (*Id.* at 35.)

14     Based on these observations, the court now clarifies its prior holding. The court
15 concludes as a matter of law that the infringed images at issue do not constitute a
16 "compilation" under 17 U.S.C. § 101. Rather, each infringed image is a "work" for
17 which a separate award of statutory damages under 17 U.S.C. § 504(c)(1) is appropriate.
18 Because the court's holding that the infringed images are not a compilation does not
19 affect the status of VHT's database as a whole, the court finds that *Gold Value* does not
20 place VHT's copyright registration at issue, and denies Zillow's motion for judgment as a
21 matter of law.

22

**B.  Zillow's Request for Certification of Interlocutory Appeal**

Zillow asks the court to certify its May 8, 2020 order for interlocutory appeal under 28 U.S.C. § 1292(b).  (*See* Statement at 7-8.)  The court declines to do so.

A district court may certify an order for interlocutory appeal where the order (1) "involves a controlling question of law"; (2) "as to which there is a substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1981).  All three requirements must be met to certify an order for interlocutory appeal.  *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015).  The party pursuing the interlocutory appeal bears the burden of establishing that § 1292(b)'s requirements have been met.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Zillow argues that the § 1292(b) requirements have been met here based on (1) the uncertain state of the law regarding the distinction between "compilations" and "works" in calculating damages; (2) the court's discussion in its May 8, 2020 order of how to reconcile Second Circuit and Ninth Circuit authority in determining whether something is a "compilation" or a "work"; and (3) its contention that an appeal would not unduly prolong the resolution of suit because Zillow is entitled to a jury trial on any remaining issues in this case and "such a trial is unlikely to occur any time soon in view of the current COVID-19 pandemic."  (Statement at 8.)  The court finds that the third requirement is not satisfied.  Although it is true that jury trials were suspended when the parties filed their joint statement, virtual jury trials have now resumed in the Western

District of Washington.  And as the court states below, the court may have room in its trial schedule during July and August 2021 to conduct a virtual jury trial on damages in this matter.  (*See infra* § IV.)  Therefore, the court denies Zillow's request to certify an interlocutory appeal of the May 8, 2020 order.

C.  **Determination of Damages**

Finally, the parties disagree on how to determine the amount of VHT's damages following the Ninth Circuit's remand of this matter to this court.  VHT contends that the Ninth Circuit limited its remand to the sole issue of whether VHT's infringed images constitute a "compilation" for purposes of statutory damages and therefore did not disturb the jury's award of $1,500 per image that it found was willfully infringed.  (*See* Statement at 1-3.)  Zillow counters that because the Ninth Circuit vacated the jury's finding of willfulness, the court must either grant Zillow's request for judgment as a matter of law that the 2,700 images were innocently infringed or order a new trial on both the type of infringement and the amount of damages for those images.  (*See id.* at 8-10.)  The court holds that that a new trial limited to the issues of whether Zillow innocently infringed the 2,700 images and the amount of damages due for that infringement is warranted.

Contrary to VHT's contentions, by vacating the jury's finding on willfulness, the Ninth Circuit necessarily vacated the award of damages for willful infringement.  At trial, the court instructed the jury to award not less than $750 and not more than $30,000 for each work it concluded had been infringed.  (*See* Final Jury Instructions (Dkt. # 275) at 31.)  It further instructed the jury that if it found willful infringement, it could award as

1  much as $150,000 for each work willfully infringed.  (*Id.*)  The jury found that Zillow

2  willfully infringed 3,373 images and awarded $1,500 per willful infringement.  (Verdict

3  Form at 6.)  The court cannot now separate the jury's finding of willfulness from its

4  award of $1,500 per willful infringement.  Although it is true, as VHT points out, that a

5  $1,500 award is near the bottom of the statutory damages range for infringements that are

6  neither willful nor innocent, the court cannot determine from the verdict form whether the

7  jury would have made the same award had it found that the infringements were not

8  willful.

9       Zillow, meanwhile, argues that the court should find that its infringements were

10 innocent as a matter of law and that, as a result, VHT is entitled to only $200 for each of

11 the 2,700 images that the jury found were willfully infringed.  To prove innocent

12 infringement, the defendant must show that it was "not aware and had no reason to

13 believe that [its] acts constituted an infringement of copyright."  17 U.S.C.

14 § 504(c)(2).  Zillow relies on the Ninth Circuit's statements that "substantial evidence

15 does not show Zillow was 'actually aware' of its infringing activity" and that Zillow's

16 "belief that feed providers had properly licensed its uses and that its system effectively

17 respected those rights was reasonable."  (Statement at 10 (quoting *VHT*, 918 F.3d at

18 749).)  But the Ninth Circuit's observation that Zillow reasonably believed that its

19 providers had properly licensed its use of VHT's images does not require a finding that

20 Zillow had no reason, in the first instance, to believe that its use infringed VHT's

21 copyrights.  *See* 17 U.S.C. § 504(c)(2).  Thus, the court does not agree that the Ninth

22 Circuit's statements mandate the conclusion that Zillow's infringement of the 2,700

images was innocent. In light of the Ninth Circuit's guidance, however, the court also cannot hold as a matter of law that the infringements were *not* innocent. Accordingly, the court concludes that it is appropriate to order a new trial in this matter, limited to the 2,700 images that the jury previously found Zillow had willfully infringed and for which the court did not enter judgment as a matter of law, on the questions of (1) whether Zillow's infringement of the images was innocent and (2) statutory damages.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Zillow's motion for judgment as a matter of law that VHT's registrations are invalid; DENIES Zillow's request to certify a locutory appeal of the court's May 8, 2020 order; and ORDERS that this matter be set for a new trial limited to the remaining 2,700 images on the questions of (1) whether Zillow's infringement of the images was innocent and (2) statutory damages.

The court ORDERS the parties to file, by no later than ten days from the filing date of this order, a joint statement regarding their readiness for trial and any objections to the court setting this matter for a four-day virtual trial on an available date in the court's schedule in July or August 2021.

Dated this 10th day of March, 2021.

JAMES L. ROBART
United States District Judge